DICKENS
*vs*
WILLIAMS *et al.*

---

COVENANT.

*Case 122.*

## Dickens *vs* Williams *et al.*

ERROR TO THE HENRY CIRCUIT.

*Covenants. Damages. Evidence.*

*May 14.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

An affirmation in a bill of sale of a jack, that "he is a good and sure foal getter," imports a covenant of warranty that it was so.

THE affirmation in the bill of sale of the *Jack*, that it was "*a good and sure foal getter*," imports a covenant of warranty that it was so: *Ditto* vs *Helm*, (2 *J. J. M.* 129.) Such expressions in a written contract, when unqualified as in this case, by any thing else therein, should be deemed a part of the contract, and therefore stipulatory; thereby the vendor, of course, *agreed* that the jack was as described, and consequently that agreement was a covenant to that effect.

In such case proof that a jack sold in Jan. was impotent during the whole succeeding season, is not incompetent or irrelevant.

Proof that the jack was altogether impotent during the whole season succeeding the sale in January, was not inadmissible or irrelevant; it tended strongly to prove that it was not a good or sure foal getter when sold, and the more especially when connected with the other proof of the vendor's admission as to the capacity of the jack before and at the time of the sale. Indeed, without such proof as to subsequent trial, it would have been difficult, if not impossible, for the covenantee to have recovered.

Damages to the extent of the

Nor can we judicially decide that the verdict for the whole price paid for the jack, and interest thereon, was

exorbitant; because, such a jack as the jury had a right to infer this was, must be wholly worthless.

Nor can we reverse merely because the jury was sworn to try the issue, and the record does not show expressly what the issue was. There can be no doubt as to the effect of the issue; and the *defendant who filed a plea* on which that issue was formed, cannot, therefore, complain that the record does not show the form of the issue. We will not *presume* in *his* favor, that the issue was either immaterial or did not justify the finding.

Judgment affirmed.

*Harlan & Craddock* for plaintiff; *Morehead & Reed* for defendants.

price paid in such case *may* not be excessive.

This Court will not reverse at the instance of def't below, when the jury were sworn to try the issue, merely because the record does not show expressly what the issue was.</div>