CHIEF JUSTICE SIMPSON
delivered the otinion op the court:
The plaintiff alleged in his petition that the defendant sold him a jackass, at the price of four hundred dollars, and at the time of the sale warranted said jackass to be a good and sure foal-getter, and a superior breeding jack. He averred that he was not a sure foal-getter at the time of the sale, nor since that time, and that he was of no value whatever for breeding.
The defendant admitted the sale, denied the alleged warranty, but stated that he represented the jack to be a good and sure foal-getter at the time of the sale.
It was proved on the trial in the circuit court that the defendant stated, at the time he sold the jack to the plaintiff, that he was a sure foal-getter, and that he had made a season the year before, and got sixty or sixty-five colts. The plaintiff also introduced evidence conducing to prove that the jack was not a sure foal-getter, but, on the contrary, was entirely impotent and deficient as a breeder.
On this evidence the court instructed the jury to find a verdict for the defendant; and a judgment having been rendered against the plaintiff, he prosecutes this appeal for its reversal.
The question presented in this case is, whether the representation made by the vendor, at the time of the sale, that the jack was a sure foal-gétter, amounted to a warranty. As the action *446 was brought for a breach of warranty only, the plaintiff could not recover, unless he proved the warranty relied on.
In some of the early cases in this court, it was decided that a mere affirmation or representation of the soundness of the thing sold, did not constitute a warranty. That although no particular form of words was necessary to create a warranty, yet that words must be used which imported an agreement, and that a mere affirmation of soundness did not amount to an undertaking that the thing sold was sound. (Smith vs. Miller, 2 Bibb, 617; Bacon vs. Brown, 3 Bibb, 35.)
But in the case of Dickens vs. Williams, &c., (2 B. Mon., 374,) it was held, that an affirmation in a bill of sale, that the jack sold was “a good and sure fool-getter,” imports a covenant of warranty that it was so. And it was said by the court, that “ such expressions in a written contract, when unqualified, as in that case, by anything else therein, should be deemed a part of the contract, and therefore stipulatory; thereby the vendor of course agreed that the jack was as described, and consequently that agreement was a covenant to that effect.”
Several other cases, the opinions in which were not published, have since been decided by this court, in which it was held, on the authority of that case, that an affirmation of soundness in a written contract of sale amounted to a warranty. It may therefore be now considered as the settled doctrine of this court, that an affirmation of the soundness or quality of the thing sold, if contained in a bill of sale, constitutes a warranty.
We cannot perceive any substantial reason for a distinction between a written and a verbal contract, where, as in this case, the sale is as effectual when made by a verbal as by a written contract. The language means the same thing, whether it be written or verbal; and uniformity of decision, as well as the rights of the parties, requires that the same construction and effect should be given to both kinds of contracts.
The tendency of the modern adjudications upon this question is, to regard an assertion of a fact, relating to the kind, quality, or condition of the article sold, made by the vendor at the time of sale, as being part of the contract, and amounting *447 to a warranty. (8 Cowen, 25; 12 East, 637; 9 New Hampshire Rep., 111.)
Some of the cases seem to make the question of warranty depend upon the intention of the vendor. (19 Johns., 290 ; 13 Wend., 278.)
We think whenever the vendor, at the time of the sale, makes an assertion or representation respecting the kind, quality, or condition of the thing sold, upon which he intends that the vendee shall rely, and upon which he does rely in making the purchase, that it amounts to a warranty. If, however, the vendor, by what he says, merely intends to express an opinion or belief about the matter, and not to make an affirmation of a fact, then the statement will not amount to a warranty.
Where doubts exist upon the evidence whether the vendor intended to assert a fact, or merely express an opinion or belief, that question must be left to the jury to decide.
Here the vendor admits, in his answer, that he represented the jack to be a good and sure foal-getter. This was such a representation of a fact as constituted it a part of the contract of sale, and makes it amount to a warranty.
Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.