JENKINS, *Ex'r, & a.* v. FOWLER *& a.*

If a will contains no residuary clause, and it is manifestly the testator's intention to dispose of all of his property, the words " all my moneys after paying all my just debts" may pass deposits in a savings-bank, and railroad stock, not specifically devised.

BILL IN EQUITY, for the construction of the will of Joseph Fowler, late of Durham, in this county.   The will gives,—

1. The income of the testator's homestead in Durham to his brother, George Fowler, for life, then to his nephew, Clarence Fowler, for life, then to his nephew, Harry Fowler, for life, then the homestead to the Congregational church in Durham.

2. A granite monument and headstones to the graves in his family lot in the cemetery in Dover, not to exceed $225.

3. The interest of $50 to Dover to keep the lot in the cemetery, and the monument and headstones, in repair.

4. "I give and devise to the Congregational church of the town of Durham all my moneys, after paying all my just debts.   The interest only to be used for the support of the preached gospel, and for no other purpose."

5. His pew in the Congregational meeting-house to his brother George and nephews Clarence and Harry for life, and then to the Congregational church.

The property of the deceased, as returned in the inventory to the probate court, is $7,816.32, of which $400 is real estate, and the remainder is,—

| | |
|---|---:|
| Cash on hand, . . . . . . . . | $53.22 |
| Farming and mechanics' tools, . . . . . | 59.25 |
| Household furniture, . . . . . . . | 48.45 |
| Books and maps, . . . . . . . | 1.50 |
| Wearing apparel, . . . . . . . | 50.00 |
| Miscellaneous articles, . . . . . . | 48.50 |
| Deposits in Rollinsford Savings-Bank, . . . | 446.40 |
| Deposits in the Savings-Bank for the County of Strafford, | 2,027.00 |
| Thirty-three shares of the capital stock of the Boston & Maine Railroad, . . . . . . . | 5,082.00 |

Joseph Fowler died unmarried, leaving no issue.   The defendants are his brothers and sister and his sole heirs at law; and they claim that the thirty-three shares of stock are not included in the bequest of " all my moneys," as made in the fourth clause of the will, nor in any clause of the will, and that the same should be paid to them as heirs at law of the deceased in equal shares.   The Congregational church claims the thirty-three shares as part of the bequest of " all my moneys" in the fourth clause of the will.   The executor asks the advice of the court as to the proper construction of the fourth clause, and whether or not the thirty-three shares of stock are included in the bequest of all the testator's moneys.

*J. G. Hall,* for the plaintiffs.

*Marston & Eastman,* for the defendants.

BINGHAM, J.   The interpretation of a will is the ascertainment of the testator's intention, and the question of intention is ordina-

rily determined, as a question of fact, by the natural weight of competent evidence. *Rice* v. *Society*, 56 N. H. 191, 197, 203; *Brown* v. *Bartlett*, 58 N. H. 511; *Kimball* v. *Lancaster*, 60 N. H. 264, 273.

It is claimed by the heirs that Joseph Fowler died intestate as to the deposits in the savings-banks and the railroad stock. When a person makes a will, he usually intends to dispose of all of his property. This will does not contain, in form, the general residuary clause; but items one, four, and five, considered in connection with the property of the testator, and the fact that all of it, except what is specifically devised, is not enough to satisfy the bequests in items two and three without taking a part of the savings-bank deposits or of the railroad stock, quite clearly indicate that the testator understood and intended that item four with the remainder clauses in items one and five disposed of the residue of his property, and no occasion existed for inserting the ordinary residuary item to make the church in fact his residuary legatee; and we think it manifest, upon the examination of the will itself, that it was the intention of the testator to give the bank deposits and railroad stock to the church. 2 Red. Wills 111 *n.*; 2 Jarm. Wills 375; *In re Miller*, 48 Cal. 165—*S. C.*, 17 Am. R. 422; *Hall* v. *Hall*, 27 N. H. 275, 286; *Clark* v. *Atkins*, 90 N. C. 629—*S. C.*, 47 Am. R. 538; *Morton* v. *Perry*, 1 Met. 446, 448.

It is true that the case of *Mann* v. *Mann*, 1 Johns. Ch. 213, is a strong case favoring the defendants' view of this will, but the will in that case differed from this in at least two essential particulars;— first, it contained a general residuary clause; and second, the testator in it repeatedly used the word "moneys" in a way indicating that he understood its strict technical sense, and nothing in the will shows that he intended to use it in a more extended sense, while the contrary is true of the will in this case.

This conclusion renders it unnecessary to consider the admissibility of the evidence offered by the parties.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.