CASE 30—PETITION ORDINARY—MARCH 31.

# McClintock v. Emick, Stoner & Co.

APPEAL FROM HARRISON CIRCUIT COURT.

1. WARRANTY IN SALES OF PERSONAL PROPERTY.—No particular form of words is necessary to constitute a warranty in the sale of personal property, and while a mere expression of opinion is not sufficient to constitute one a warrantor, a clear, positive affirmation by the vendor made during the negotiation will be treated as an express warranty, and in this respect there is no difference between written and parol contracts, nor is the intention of the vendor material.

2. SAME.—Where, upon the evidence, it is doubtful whether the vendor, by the language used, intended to assert a fact or merely express an opinion, and it is uncertain how the parties understood it, then the question of warranty or no warranty should be left to the jury; and in such a case if the petition sets forth merely the language of the vendor it should also aver his intention in order that the testimony may be supported by pleading. But where there is a positive, unequivocal representation of a fact, it is not necessary that the vendee, in suing upon the warranty, should allege that the vendor intended that the plaintiff should rely upon it.

In this suit for damages, resulting from the unsoundness of a lot of mules purchased by plaintiffs from defendant, it is alleged in the petition "that the defendants represented to these plaintiffs that the said mules were *all right;* * * that they relied upon the said statements made as aforesaid, and were induced thereby to make said purchase." *Held*—That this was a sufficient averment of a warranty

McClintock v. Emick, Stoner & Co.

of soundness. There being a positive, unequivocal representation by the vendor that the mules were sound, it was not necessary for the plaintiff to allege that the defendant intended that he should rely upon that representation.

3. SAME—In determining whether or not words constitute a warranty, they should receive their common acceptation; therefore, as the vendor in this case stated, in response to a direct question, that the mules were "all right," there was a warranty of soundness by an absolute and unqualified representation to that effect.

J. Q. WARD FOR APPELLANT.

L. M. MARTIN FOR APPELLEES.

Record and briefs misplaced.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellees sue for damages resulting from the unsoundness of a lot of mules purchased by them of the appellant.

The first paragraph of the petition, as amended, avers that "the defendant *represented* to these plaintiffs that said mules were *all right;* * * * * that they relied upon the said statements made as aforesaid, and were induced thereby to make said purchase." It does not allege that the appellant "warranted" them, or that he "represented" in what particular respect they were "all right," or that he expected or intended the appellees to rely upon the representation in making the purchase. In a second paragraph a cause of action for deceit, false representation and fraudulent concealment in making the sale is pleaded.

The evidence conduces to show, that while the negotiation as to the purchase was in progress, the appellant, in response to a question upon that point from one of the appellees, said the mules were "all right."

The jury were, in substance, instructed to find for

the appellees, if the appellant at the time of the sale warranted the mules to be sound, when they were unsound; and that "a representation as to soundness, quality or condition made by a seller at the time of the sale, with the intention that the purchaser shall rely upon the same, and upon which he does rely in the purchase, amounts to a warranty."

It is urged that the averments of the petition do not constitute a warranty, or state a cause of action upon one; that the instructions presented a case to the jury not supported by pleading; and that, conceding the evidence of the appellees to be true, no warranty is shown. A review of the cases as to what constitutes one exhibits much learning and diversity of opinion. Indeed, they cannot all be reconciled. The report of an early and celebrated case says: "All the justices and barons (except Anderson) held that for this cause (the want of an averment that he warranted it to be a bezoar stone) it was error; for the bare affirmation that it was a bezoar stone, without warranting it to be so, is no cause of action; and although he knew it to be no bezoar stone, it is not material; for every one in selling his wares will affirm that his wares are good, or the horse which he sells is sound; yet, if he does not warrant them to be so, it is no cause of action, and the warranty ought to be made at the same time of the sale." (Chandelor v. Lopus, Cro. Jac., 4.) Although it adhered to form rather than reason, and the argument was at least of doubtful legal morality, yet it was followed by other cases both in England and in this country. Thus, early in judicial history the rule was announced that a mere representation or affirma-

tion by the vendor, however positive, as to the character or condition of an article, could not constitute a warranty. In line, and based upon the case last cited, is that of Seixas v. Wood, 2 Caines, 48, although in it the chief justice dissented, and Chancellor, then Judge Kent, intimated that he would have done so had the question been *res integra*. Some of the more modern cases, as Weimer v. Clement, 37 Penn. St., 147, hold that a naked affirmation is not an express warranty or evidence of it; but that if it amounts to a deceit or fraud, the remedy is by an action *ex delicto*. As early, however, as the cases of Chapman v. Murch, 19 John., 290, and Swett v. Colgate, 20 John., 196, if not before, many of the courts of the country began to hold that sense should not be sacrificed to technical language; and that no particular form of words was necessary to create a warranty. Indeed, no valid reason can be given why if A, in selling his horse to B, says, "I warrant him sound," it should be held a warranty, but not, if he says "he is sound." This court, in the early case of Bacon v. Brown, 3 Bibb, 35, held, that while no particular words were necessary to create a warranty of soundness, yet there must be a promise or undertaking as to it, and that a bare representation or affirmation was not sufficient. The subsequent case of Dickens v. Williams, &c., 2 B. M., 374, decided, however, that the affirmation of a fact in a bill of sale as to an article sold was a warranty in that respect; that it imported a covenant to that effect, and that thereby the vendor agreed it was true. The case of Lamme v. Gregg, 1 Met., 444, not only affirmed this doctrine, but held it to apply to verbal contracts,

where the representation or affirmation as to the kind, quality or condition of the article sold, is made during the negotiation of the trade.

There is no reason why the rule should not apply to verbal as well as written contracts, if the sale be as effectual in the one case as in the other. The interests of trade ; the necessity of uniformity of decision, and the rights of parties, require it. If the language used by the parties be binding in the way of a trade, why should not a statement then made as to the soundness of the article be equally so ? Of course, if it be the expression of a mere belief or opinion, it will not constitute a warranty.

Here A is selling a lot of mules to B. The trade is in progress, and the contract being made. The latter asks the former: "Are they *all right?*" The answer is: "*They are.*" It is urged that this statement is too indefinite to constitute a warranty of soundness ; and that the petition in stating it only is defective. In applying the law to the business transactions of men, the dictates of common sense and ordinary understanding should control. Business and trade forbid much technicality. Warranties enter largely into the trade of the country, and it is proper and best for its fairness and promotion that the language used by those so engaged should in law receive its common acceptation, and be construed as ordinarily understood by them. Can there be any doubt how men generally would have understood the question, and the answer given in this instance ? One man is selling his horse to another, and when particularly asked, he says, "he is all right." Would not the purchaser understand this as embracing

McClintock v. Emick, Stoner & Co.

the question of soundness; and would not the vendor be understood as thereby saying to him, in effect, "he is sound?" It seems so to us, and the conclusion is inevitable, that here there was a warranty of the soundness of the mules by an absolute and unqualified representation to that effect. They were either right or wrong, sound or unsound; and there was no such ground for diversity of opinion as exists when value or quality merely is in question. The language was used as to a matter of fact, and not merely as expressing an impression or opinion, or by way of mere praise or commendation.

If, however, it were of an uncertain character, and even if the petition, by merely averring what was said, had been defective for uncertainty as to what was embraced or intended by it, yet this would have been cured by the amended answer, and the issue fully joined. It says: "He denies that they were unsound, or that he had any sufficient knowledge or information to form a belief that they were unsound at the time of the sale. Defendant says it is not true, and he denies [that plaintiff relied upon a statement made by this defendant *to the effect that said mules were sound.*" It is evident what interpretation the pleader placed upon the representation that the mules were "all right," and we think it was correct.

It may be regarded as settled law, that no particular form of words is necessary to constitute a warranty, and that the mere expression of an opinion does not make one a warrantor. Some of the cases, however, seem to make the existence of a warranty depend upon the intention of the vendor; and it is urged in this

case that the petition is defective in failing to aver that the appellant expected or intended the appellee to rely upon his representation in making the purchase. If the true construction of this class of cases is that the decision did not turn upon whether the party intended to be held by a warranty, but whether he intended to affirm a fact or merely express an opinion, then they are reconcilable with the cases which, in our opinion, correctly hold that if one even supposes that he is not making himself liable upon a warranty, yet if he makes a positive affirmation as to the condition of the property, or utters what is equivalent to a promise as to it, instead of expressing a belief merely, then such affirmation or promise amounts to a warranty, and he is liable upon it. It does not depend upon whether the vendor intends to be bound by his warranty or not, but upon whether he made an affirmation as to the condition of the article or merely expressed an opinion as to it.

If it be conceded that a clear, positive affirmation by the vendor, made during the negotiation, that the article is sound, be an express warranty ; that it is as much so as if he were to say, "I warrant it to be sound," then is it required of the vendee, in suing upon it, to aver that the vendor intended he should rely upon it ?

If the vendor expressly warranted the article to be sound, and did not merely express a belief as to it, then he is liable without regard to his intention. He has lulled the vendee into security as to its condition, and he will not, and ought not, in good morals, to be heard to say that he did not intend the purchaser to

rely upon the warranty. This being so, is it necessary to the sufficiency of the pleading to aver what the vendor will not be allowed to dispute? We think not. We are aware. that some cases seem to draw a distinction between written and parol contracts, holding that if the contract be in writing it is for the court to say whether there was a warranty ; but if in parol, that it is for the jury to determine. We see no reason for this distinction where it is clear, in the case of an oral contract, that the vendor has warranted the condition of the property. It was said in the case of Hawkins v. Pemberton, &c., 51 N. Y., 198 : "It is not true, as sometimes stated, that the representation, in order to constitute a warranty, must have been intended by the vendor, as well as understood by the vendee, as a warranty. If the contract be in writing, and it contains a clear warranty, the vendor will not be permitted to say that he did not intend what his language clearly and explicitly declares ; and so, if it be by parol, and the representation as to the character or quality of the article sold be positive, not mere matter of opinion or judgment, and the vendee understands it as a warranty, and he relies upon it and is induced by it, the vendor is bound by the warranty, no matter whether he intended it to be a warranty or not. He is responsible for the language he uses, and can not escape liability by claiming that he did not intend to convey the impression which his language was calculated to produce upon the mind of the vendee."

This view is also supported by the cases of Morrill v. Wallace, &c., 9 N. H., 111, and Stroud v. Pierce, 6 Allen, 413.

Where the case is of such a character that upon the evidence it is doubtful whether the vendor, by the language used, intended to assert a fact or merely express an opinion, and it is uncertain how the parties understood it, then the question of warranty or no warranty should be left to the jury; and in such a case, as the question is to be determined from all the evidence, if the petition merely sets forth the language of the vendor, it should also aver his intention in order that the testimony may be supported by pleading. Here, however, there was such a positive, unequivocal representation of a fact, that it constituted a warranty. One side affirmed that the language was used by the vendor, while the other denied it. If used by him, it was a warranty of the soundness of the mules; and yet the court, instead of so declaring, treated it as a case where it was doubtful whether the vendor intended to assert a fact or express a mere opinion, and submitted to the jury the question, not only whether the words were used, but whether the appellant warranted the mules to be sound. Of this he can not complain.

An instruction as to deceit and fraudulent concealment was also given. It is unobjectionable in form when considered in connection with the first instruction given at the instance of the appellant. If there were any circumstances in evidence, however slight, to support it, it was proper to give it. We can not say that, upon the entire record, they were entirely absent.

Judgment affirmed.