Grafton,
June, 1896.

## WESTGATE, *Ex'r*, v. HAVERHILL *& a.*

When a bequest is made to a town, " the interest thereof to be appropriated annually to and among the school districts in said town equally," and after the execution of the will, but prior to the decease of the testator, the districts are changed by consolidation and annexation, the income is to divided between existing districts in proportion to the number of scholars in each resident in the town.

BILL IN EQUITY, by the executor of the will of Samuel F. Southard, for the construction of certain provisions of the will and direction as to the appropriation of the income of funds paid to the town of Haverhill as trustee. Facts agreed.

By his will executed April 4, 1883, the testator, who died May 4, 1893, bequeathed $5,000 to the town of Haverhill, "the interest thereof to be appropriated annually to and among the school districts in said town, equally, for the support of schools in said districts." When the will was executed there were about twenty school districts in the town. In February, 1885, district No. 13 organized itself as a separate district with a

board of education, under G. L., *c.* 87; and in May, 1885, it united with district No. 10 in the town of Bath, under G. L., *c.* 86, *s.* 4, to form what has ever since been known as the Union High School District of Woodsville. A majority of the legal voters of district No. 13, and of the Union district, have always been legal residents of Haverhill. According to the terms of union, the Bath district was to retain all its personal property, to be disposed of for the use and benefit of taxpayers in that district; and the Woodsville district property, both real and personal, was to vest in and become the common property of the united districts, as if they had originally been one. In 1886, the remaining school districts in Haverhill were united by virtue of the general law into the Haverhill Town School-district, under the management of a board of education, and have so continued.

Since March 1, 1886, there have been only two school districts in the town, the Union High School District of Woodsville and the Haverhill Town School-district,— each independent of the other, and controlled by a board of education with powers confined to its own district. The town of Haverhill appropriates money for school purposes, assesses taxes upon all the taxable property and persons in the town, and pays the same to the districts upon the basis of the valuation of the property of each situate in the town. The town of Bath pays to the High School district the amount of school money required to be raised by law, according to the valuation of the property in the district situate in that town.

From March, 1886, until his death in 1893, the testator resided in Haverhill, and was familiar with the changes in the school districts, but made no alteration in the provisions of his will relative to the bequests to the town for educational purposes.

*Bingham, Mitchell & Batchellor* and *William F. Westgate*, for the plaintiff.

*William H. Cotton* and *Smith & Sloane*, for the town of Haverhill.

*Burleigh & Adams*, for the Haverhill Town School-district.

*Samuel B. Page*, for the Union High School District of Woodsville.

CLARK, J. The question to be determined is that of appropriation of the income of the fund bequeathed by Samuel F. Southard to the town of Haverhill for educational purposes. A will

takes effect as if executed immediately before the decease of the testator, and is to be construed by the law as it then stood (*Morey* v. *Sohier*, 63 N. H. 507; *Perkins* v. *George*, 45 N. H. 453); but in ascertaining the intention of the testator, a will speaks as of the time it was executed, and account may be taken of all the circumstances surrounding the testator. *Jenkins* v. *Fowler*, 63 N. H. 244; *Kennard* v. *Kennard*, 63 N. H. 303; *Sanborn* v. *Sanborn*, 62 N. H. 631; *Kimball* v. *Lancaster*, 60 N. H. 264.

The purpose of the testator in making the bequest was to improve the efficiency of all the schools in the town of Haverhill for the benefit of the scholars attending them, and with this object in view he desired to distribute the income of the fund equally among the school districts. He accordingly made the bequest to the town, and authorized an annual distribution of the income thereof equally among the districts for the support of schools, thus conferring upon the town the power of making the annual division.

The bequest having been made for the benefit of the scholars, the only equal distribution that can be made of the income is a division according to the number of scholars in each district. The number of districts is immaterial. The interest of the fund is payable to the school districts because they are charged with the maintenance and management of the schools. If there were now twenty districts in the town, as was the case when the will was executed, the interest of the fund would be divided into twenty parts and distributed among the districts, so that all might share in it. As there have been since March, 1886, but two districts in the town managing all the schools, the income of the fund should be divided equally between them and paid over to the officers of the districts; and it would seem that the only equal division that can be made is one according to the number of scholars in each district resident in Haverhill.

This appears to have been the testator's view of the method to be pursued in making a distribution of the income of the bequest. He was a resident of Haverhill, he was familiar with the changes in the school districts of that town subsequent to the execution of his will, and as he made no alteration in the language of the will relative to the division of the income of his bequest, it is reasonable to infer that he did not consider it necessary to do so.

The Union High School District is clearly a school district in the town of Haverhill. The income of the fund should be divided between the Union High School District of Woodsville and the Haverhill Town School-district, in proportion to the number of scholars in each resident in the town of Haverhill.

*Case discharged.*

All concurred.