Carroll,
Dec. 31, 1903.

BROWN, *Adm'r*, v. EASTMAN, *Ex'r*, & *a.*

Where a will bequeaths the residue of an estate to the wife of the testator, "she to have the use and control of the same and the right to use as much of the same as she may please for her comfort, happiness, or pleasure," and requests that, if anything be left at her decease, she shall give a parsonage to a specified religious society and one half of the residue to the testator's heirs-at-law, the widow has the unqualified use and enjoyment of the property during her lifetime and the right to dispose of the same by will, subject only to the limitation expressed in the precatory clause.

BILL IN EQUITY, by the administrator *de bonis non* with will annexed of the estate of Ithiel E. Clay, praying for the construction of the residuary clause of said will. The defendants are the executor of the will of Carolin E. Clay (widow of Ithiel), and the heirs-at-law of both Ithiel and Carolin. Facts found, and case transferred from the June term, 1903, of the superior court, by *Stone*, J.

By the twelfth clause, which is printed at length in the opinion, the will of Ithiel E. Clay gave the residue of his estate to his wife. He died April 6, 1901. After his decease, the widow conveyed portions of the real estate received from him and made gifts to sundry persons from the estate. She died June 23, 1902. At the date of her decease, she had on hand a considerable portion of the proceeds of the sale of real estate and of collections from her husband's debtors, and possessed a large part of the estate of which he died seized, in addition to property which she held in her own right prior to his death.

By the first and second items of her will, Carolin gave her household furniture and personal chattels to a brother, and provided that the residue of such of her estate as was not acquired under the will of her husband should be divided among her heirs-at-law in specified shares. By the third item, she devised certain real estate to the Congregational church at Chatham Center and bequeathed $1,500 for the erection of a parsonage thereon, provided for pecuniary legacies aggregating $600, directed that one half of the remainder of the estate should be divided equally among the heirs-at-law of her husband, and gave the other half of the residue to the persons named in the second item.

The heirs of Ithiel claim that under his will Carolin took (1) a life estate with a restricted right to use and dispose of the realty by sale only and a limited power to use and dispose of the personalty for her comfort, happiness, and pleasure, without the right to make gifts, or (2) a limited right to use and dispose of the property for such purposes, existing as a power, without general ownership; and that she was not authorized to make gifts during her lifetime of any material portion of the estate received from her husband, or to divide by will a half of the residue thereof among her heirs. The heirs of Carolin claim that under the will of her husband she took an absolute estate in fee, and that she had a right to dispose of the property by deed, gift, or will, in any manner which contributed to her comfort, happiness, or pleasure.

*Josiah H. Hobbs* and *John B. Nash*, for the plaintiff.

*Drew, Jordan, Buckley & Shurtleff*, for Eastman, executor.

*James A. Edgerly, Josiah H. Hobbs*, and *John B. Nash*, for certain heirs-at-law of Ithiel E. Clay.

*Seth W. Fife* and *Edward E. Hastings* (of Maine), for certain heirs-at-law of Carolin E. Clay.

REMICK, J. "I hereby give, bequeath, and devise all the rest and residue of my estate, both real and personal, wherever found and however situated, to my beloved wife, Carolin E. Clay, she to have the use and control of the same and the right to use as much of the same as she may please for her comfort, happiness, or pleasure, either at home or abroad; and if there is anything left at her decease, it is my request that she give the said Congregational church a parsonage, and one half of the residue to my heirs."

We are asked to determine whether, by the foregoing provision in the will of Ithiel E. Clay, Carolin E. Clay took such an estate in the property described that she could, by will, after giving the Congregational church at Chatham Center a parsonage, and one half of the residue to the heirs of Ithiel, bequeath and devise the remainder to her own heirs. Looking at the provision in a natural way, regardless of legal terms and technical rules, the conclusion is irresistible that it was the testator's intention to give to his wife Carolin, not only the unqualified use and enjoyment of the property during her life, but the right to dispose of the same by will at her decease, subject only to the testator's request that she should give a parsonage to the Congregational church at Chatham Center and one half of the residue to the testator's heirs.

The legal effect of the words, "I hereby give, bequeath, and devise all the rest and residue of my estate, both real and personal, wherever found and however situated, to my beloved wife, Carolin E. Clay," without other words, would unquestionably be to give Carolin an estate in fee. Nowhere in the entire provision are there any words expressly limiting the estate bequeathed and devised to Carolin to an estate for life, or providing for remainder over. True, the words above quoted are followed by the words, " she to have the use and control of the same and the right to use as much of the same as she may please for her comfort, happiness, or pleasure, either at home or abroad." It is urged that from these words it should be inferred that the testator intended an estate for life. But the final words of the provision, "and if there is anything left at her decease, it is my request that she give the said Congregational church a parsonage, and one half of the residue to my heirs," leave no room for this inference. On the contrary, they show very clearly that the testator understood that

he had given the whole estate to Carolin. If he had understood that he had given Carolin a life estate only, it is not probable that he would have been found requesting her to dispose of the remainder in a particular way. If such had been his understanding, it is probable that he would have disposed of the remainder himself, directly and in his own right, and not through Carolin by way of request. The fact that he adopted the latter course shows clearly enough that he understood that he had given Carolin the entire estate.

The contention that by the words immediately under consideration the testator intended to add to a life estate power to the life tenant to will to the Congregational church at Chatham Center a parsonage and one half of the residue to his heirs, and to die intestate as to the balance, is contrary to legal presumption (P. S., c. 186, s. 6; 29 Am. & Eng. Enc. Law 354, and cases there cited; *Jenkins* v. *Fowler*, 63 N. H. 244, 246) and to all the probabilities. In the first place, the words are inconsistent with the idea of a power. To "request" is not to empower, but to recognize that power to do the thing requested already resides of right in the one of whom the request is made. In the next place, there is no reasonableness in the idea that the testator, understanding that he had given Carolin only a life estate and that the remainder was undisposed of, requested her to will one half of the remainder to his heirs, and died intestate as to the balance. If the testator had so understood, and it had been his intention that his heirs should have the entire remainder to the exclusion of the heirs of Carolin, it is probable that he would have given the whole remainder to them directly, in express terms, or requested his wife to will them the whole, or died intestate as to the whole. If, on the contrary, with such understanding, it was his intention that his heirs should have only half of the remainder, it is improbable that he would have requested his wife to will them one half and died intestate as to the balance, knowing that the effect of such intestacy would be to give them the remaining half.

The only reasonable conclusion is that the testator understood that he had given his wife the fee, and so understanding, requested her to will one half of what remained at her decease to his heirs, intending and expecting that she would, by right of her absolute estate, dispose of the other half to her own heirs or otherwise, as she saw fit. In reaching this conclusion we have relied upon the particular provision under consideration. It may be said, however, that a careful study of the will as a whole, in the light of the circumstances under which it was executed, confirms the conclusion reached.

*Case discharged.*

All concurred.