CASE 80.—ACTION BY WARREN SMITH AGAINST THE ILLINOIS CENTRAL RAILROAD COMPANY FOR DAMAGES FOR PERSONAL INJURIES.—May 7, 1909.

## Ill. Cent. Ry. Co. v. Smith

Appeal from Grayson Circuit Court.

WEED S. CHELF, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Witnesses—Contradiction—Collateral Matter.—Where, in an action for injuries to plaintiff by his mule becoming frightened at a railroad pumping engine in a highway, defendant's employe in charge of the engine testified that he did not remember having stated that he would sue the company if he was in plaintiff's place, and that he would not have been in plaintiff's place for the railroad company, but that it was true, was a collateral matter and hence evidence that he made such statement was inadmissible to contradict him.

2. Appeal and Error—Review—Error—Harmless Error.—The court having charged that testimony offered to show that a witness had made certain inmaterial statements could be considered only to contradict him, and not as substantive testimony in the cause, the erroneous admission thereof was trivial, and not prejudicial to defendant.

3. Highways—Use—Action for Injuries—Variance—"Public Highway."—Civ. Code Prac. Sec. 129 provides that no variance is material which does not mislead a party to his prejudice, and that a party claiming to be so misled must show such fact, when the court may order the pleading amended, and section 130 declares that, if such variance be not material, the court may direct the fact to be found according to the evidence and order an immediate amendment. Held that, where plaintiff alleged the maintenance of a nuisance by defendant in a highway of G. county, evidence that the place was a public street in a village, in the absence of a claim of surprise, did not constitute a material variance, a public street being a "public highway" of the county in a broad sense.

4. Highways — Obstruction — Frightening Animals — issues. — Where, in an action for injuries to plaintiff by his mule becoming frightened by a railroad pumping engine, alleged to have been maintained in a highway, defendant's answer put in issue the fact that the engine and coal there-

for were within the highway, but did not deny the legality of the establishment of the highway, the court was not required to submit the circumstances under which the highway was created.

5. Highways—Extent—Evidence.—Where the existence of a highway is admitted, its width could be shown by the record, if one existed, otherwise by the testimony of witnesses who knew it, or by evidence of the extent of travel between its lateral edges.

6. Trial—Instructions—Damages—Assumed Facts.—In an action for personal injuries, an instruction that the jury could award such sum as would reasonably compensate plaintiff for any mental and physical pain and suffering caused by the injury, not exceeding $2,000, was not objectionable as assuming that plaintiff had endured mental and physical suffering.

7. Trial—Instructions—Curing Error—Omission of Requests.—Defendant's failure to offer correct instructions, while ineffective to cure error in those given, is persuasive that the instructions given were not regarded as prejudicial.

8. Damages—Personal Injuries—Excessiveness.—Plaintiff was bruised in an accident, made sore, and continued to be disabled for some months, so that he could not do his customary work and suffered considerable pain when he did work. Held, that a verdict for $700 was not so excessive as to indicate passion or prejudice.

L. A. FAUREST, for appellant.

J. M. DICKINSON, MARION A. ARNOLD, TRABUE, DOOLAN & COX of counsel.

### QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The court erred in admitting evidence of the statement claimed to have been made by the witness Campbell. Civil Code, Sec. 597; L. &. N. R. R. Co. v. Pilkenton, 15 Law Rep. 807; Loving v. Commonwealth, 80 Ky. 507; Kennedy v. Commonwealth, 14 Bush. 340.

2. There was a fatal variance between the allegations and the proof, and the court should have peremptorily instructed the jury to find for appellant. Newman on Pl. and Pr., Sec. 627; Wilkins v. Barnes, 79 Ky. 323.

3. The court should have told the jury what user was necessary to create a public highway, and should not have left that question of law for the jury to determine. Jones on Easements, Secs. 200, 201, 290, 294, 480; Riley v. Buchanan, 76 S. W. Rep. 527.

4. The instruction as to the measure of damages assumed that the plaintiff had suffered both mental and physical pain.

5. The verdict is excessive.

H. L. JAMES for appellee.

### SYNOPSIS.

1. The trial court did not err in the admission of evidence, contradicting the witness, Campbell. The evidence was competent under section 597 of the code but if not competent the defendant was not prejudiced thereby.

2.  Court properly refused to give the jury peremptory instruc-
tions to find for defendant. Smith v. I. C. R. R., 105 S. W. Rep.
96; I. C. R. R. Co. v. Commonwealth, 86 S. W. Rep. 467.

3.  There was no variance between pleadings and proof. A street
is a public highway. Bouvier's Law Dictionary; Black's Law
Dictionary.

4.  The court properly instructed the jury and the instructions
were more favorable to the appellant than they should have
been under the former opinion of this court.

5.  The verdict of the jury was not excessive. L. & N. R. R.
Co. v. Mitchell, 87 Ky. 337.

OPINION OF THE COURT BY JUDGE O'REAR—Affirm-
ing.

This is the second appeal of this case. The opin-
ion delivered upon the first appeal states the cause
of action. Smith v. I. C. R. R. Co., 105 S. W. 96, 31 R.
1323. Upon the new trial there was a verdict for $700
for appellee. The grounds relied upon by appellant
for a reversal are: (1) Admission of irrelevant evi-
dence for appellee; (2) variances between proof and
pleadings; (3) error in instructions; (4) excessive
verdict.

One Campell was in charge of the pumping engine,
the presence of which upon the highway was the al-
leged cause of appellee's injury. Campbell testified
for appellant. An issue in the case was whether the
pumping engine was located in the highway. Camp-
bell testified that the space between the engine and
the fence on the opposite side of the road was about
16 feet. He did not know the limits of the road, and
was not present when the engine was put there. He
also testified that coal dumped near the engine for
its use was piled by the side of the engine, and that
some of it extended out into the wagonway; but he
did not regard it as material. He was asked on cross-
examination whether he did not say, on the day of
the injury to appellee, in the presence of Cal. Stone,
that "he (meaning Campbell) would sue the railroad

company (if he were Smith), and that he wouldn't have been in Mr. Smith's place for the Illinois Central Railroad Company." He answered that he did not remember having made the statement, but that it was true. He would not have been in Smith's place for the Illinois Central Railroad. Stone and Smith were introduced in rebuttal for appellee and testified that Campbell made the statement alleged. The court thus admonished the jury: "The testimony of Mr. Smith and Mr. Stone can only be considered by you for the purpose of contradicting the witness Campbell, and not as substantive testimony in the case." Campbell's statement to Smith and Stone seems to us to have been immaterial and irrelevant. He may have meant by it that he regarded the railroad company as liable for the injury whether the pumping engine was on the highway or not, and upon that supposed liability he would have sued the company on account of the injury. It was only his opinion as to the company's liability in the premises, based upon what is not disclosed. The fact that he would not have been in the predicament that Smith was in when his mule threw him and fell on him, with a runaway team dragging them, for the consideration of a railroad, was even less relevant to any issue being tried by the jury. The matter was collateral. If he had testified to any fact showing that the company was not liable, or indicated his belief that it was not liable, when his belief was admissible in evidence, it would have been competent to impeach him by evidence that he had made a different statement about the matter. Civ. Code Prac. section 597. The contradiction of this witness on the matter to which this testimony was directed served to cancel that statement, as it were. The court's admonition re-

trieved the testimony objected to from being substantive evidence for any purpose, and limited it to "contradicting" Campbell. If the court had said that it was to be considered as impeaching evidence, the question would look more serious. On the whole, the matter seems trivial. The witness Campbell's evidence was not controlling, and was not as to matter that was particularly material. We cannot think the evidence complained of was prejudicial.

The petition alleged that the obstruction was upon a public highway of Grayson county. The evidence was that it was within an incorporated village, Spring Lick. Therefore the highway, if a public way at all, was a street of that village. It is contended by appellant that this constituted a variance between the pleading and the proof. If it be admitted that there was a variance, still appellant is not in a position to claim a reversal on that score. Section 129, Civ. Code Prac., provides that; "No variance between pleadings and proof is material which does not mislead a party to his prejudice in maintaining his action or defense upon the merits. A party who claims to have been so misled must show that fact to the satisfaction of the court; and, thereupon the court may order the pleading to be amended upon such terms as may be just." By section 130, Id., it is provided: "If such variance be not material, the court may direct the fact to be found according to the evidence, and may order an immediate amendment." There was not a claim of surprise in the trial court. If there had been, then the court could have ordered an amendment of the petition to show that the highway was a village public street, and, as it was not a material variance, the trial would have

proceeded, for a public street is a public highway of the county in a broad sense. The plaintiff had the same right to travel the street as if it were a county road. The defendant was equally liable for so obstructing either as to endanger the public travel upon it.

The third complaint on this appeal is that the trial court erred in not laying down to the jury some rule by which they could determine the extent of the highway in question. The instruction was: "If the defendant erected, in the public highway leading from Spring Lick to Caneyville, a stationary engine which was calculated to scare horses of ordinary gentleness by reason thereof," etc. The answer did not put in issue the existence of that highway as a public highway, but it controverted the allegation of the petition that the defendant placed the named obstructions in it. It denied that it "fostered or maintained a common nuisance in Grayson county by obstructing one of the highways of said county. It denies that it placed upon said public highway a steam engine which it used for pumping water to one of its water tanks upon its line of railroad. * * * It denies that it erected or placed or maintained or operated said engine on said highway, and it denies that it placed large quantities of coal or any coal near to said public highway in such a manner as to obstruct the travel thereon, or render it unsafe for persons to travel along said public highway in vehicles or on horseback." Construed liberally, this pleading does not put in issue the existence of the public highway or the legality or sufficiency of its establishment. It did put in issue, if anything, the fact that the engine and coal were within that high-

way. It was not therefore necessary for the trial court to have submitted to the jury under what circumstances a public highway is created, whether by dedication or acceptance, or long use from which such dedication and acceptance are presumed. The existence of the public highway being admitted, its width was then the point in question. It could be shown either by the record, if there was one, or by other competent evidence showing the fact. The public records of Grayson county had been destroyed by fire. The width of that road was then to be proved by the testimony of witnesses who knew it, and by the evidence shown upon the ground as to the extent of the travel upon it between its lateral edges. Evidence was introduced upon those points, and the instruction left it to the jury to say whether the engine, boiler, and coal were in the public highway.

In instructing the jury as to the measure of damages, the court said: "If he jury find for the plaintiff, they will award him such sum as will fairly and reasonably conpensate him for any mental and physical pain and suffering caused by said injury, not exceeding in all $2,000, the amount claimed in the petition." It is contended: That this instruction assumed that the plaintiff had endured mental and physical suffering; that the court should have said "such mental and physical suffering, if any," etc. The preceding instruction had directed the jury before they could find for the plaintiff, that they must find not only that the highway was obstructed as charged, but that by reason thereof plaintiff's team became frightened and ran away, thereby causing injury to him. When the jury found all those elements, as they had to do before applying the measure of dam-

ages, it follows that they must have found that plaintiff was injured in his person, and, if so, that he had suffered from it mental and physical pain, so that nothing was assumed. Nor did the defendant complain of the form of these instructions in the court below by offering any other covering those points. While the fact that defendant did not itself offer instructions correct in form would not cure error in those given by the court, it is persuasive argument that the form was not then regarded as prejudicial. Nor was it. Appellee was thrown under his mule, which fell upon him, and he was dragged for some distance by the runaway team. He says he was bruised and made sore, and continued to be disabled for some months, so that he could not do his customary work, and suffered considerable pain when he did work. The verdict appears to be ample, but, even though we might regard it as excessive, it is not so flagrantly so as to strike us at first blush as being the result of either passion or prejudice on the part of the jury, and, unless it is, we ought not to, and will not, disturb it.

Judgment affirmed.