## Mosby v. Larue.

(Decided May 2, 1911.)

### Appeal from Carlisle Circuit Court.

1. Warranty—Sale of Mules—Damages Recoverable—In an action on a warranty of the soundness of two mules, the measure of damages is the difference in the value of the mules if as represented, and their value in the condition they were actually in at the time of the sale.

2. Fraud—Absence of Allegation—In an action on a warranty no recovery may be had if there was no warranty and a fraud was perpetrated, there being no allegation of fraud in the petition.

JOHN E. KANE for appellant.

SMITH, HERDMAN & WYATT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Mrs. Luda M. Larue bought of Bob Mosby two mules for which she paid him $465.00 in the spring of the year 1910. On October 15th following she brought this suit against him alleging in her petition that he warranted the mules to be sound in every respect; that they were unsound and that she had been damaged by reason of the breach of the warranty in the sum of $465. The defendant filed an answer traversing the allegations of the petition. The proof on the trial showed that the mules were bought of Mosby by Mrs. LaRue's brother and son acting as her agents. They testified in effect that Mosby said at the time to them that the mules were all right in every respect, that he would stand behind them and make them good. Young Larue told him that he had bought a mule the year before that had bad eyes and he did not want to buy another bad mule. Mosby replied to this that he would stand behind the mules, and Larue took him at his word and took the mules. The proof for the plaintiff also showed that one of the mules was moon eyed and became blind, the other was listless, could not stand work, had several spells and finally died on July 4th. Twelve days after Mrs. Larue got the mules she tendered them back to Mosby and demanded the money, but he refused to take them, and it was then agreed that she would take the mules home, and they would arbitrate

the question of damages, but the arbitration not having been had, she brought this suit. The proof for Mosby was to the effect that he did not make any representation as to the soundness of the mules; that they were sound at the time he delivered them; and that the troubles they suffered from were due to the treatment they received after Mrs. Larue got them. On this evidence the Court instructed the jury as follows:

"1. The court instructs the jury that if they believe from the evidence at the time the defendant sold the two mules to plaintiff, said defendant then and there warranted said mules to be sound in every respect, and you believe further from the evidence that said mules were not sound in every respect, that one of said mules was afflicted with weak eyes, and the other one dead resulting from unsoundness affecting it at the time of the sale, then you will find for plaintiff the reasonable cash market value of the dead mule at the time of the sale, and further, the difference in the value, if any, between the other mule as it is, and the same mule if sound at the time of sale (if you believe it was unsound at said time) not exceeding the sum claimed, $465.00."

"2. The court instructs the jury that unless they believe from the evidence defendant warranted the two mules to be sound in every respect the law is for the defendant, and you should so find, unless you should further believe from the evidence that said mules were unsound at the time of sale and known to be unsound by defendant and that any defect in said mules, if any, was not known to plaintiff and that said unsoundness, if any, was not apparent to any person of ordinary prudence in which latter event the law is for plaintiff and you should find as in instruction No. 1."

"3. The court instructs the jury that if they shall believe from the evidence that the only representation made with reference to said mules by defendant to plaintiff or her agent was that the same were sound as far as he knew, and that at the time he did so he had no knowledge or information of the unsoundness of said mules, if any existed, the law is for the defendant and you should so find although you may believe from the evidence, as a matter of fact, that said mules or either of them were unsound at the time he sold and delivered the same to plaintiff."

Under these instructions the jury found for Mrs. Larue in the sum of $360.00. Mosby appeals.

The first instruction does not properly define the measure of damages. Although one of the mules was unsound when delivered and afterwards died, Mrs. Larue had used the mule from the time she got him until July 4th, and the measure of damages if the warranty was broken was the difference between the value of the mule in the condition he was at the time of the sale and his value if in the condition he was warranted to be. As to the other mule it was error to tell the jury that the measure of damages was the difference in its value as it is, that is, at the trial, and its value if sound at the time of the sale. The measure of damages is the same as to this mule as to the other. Instruction 2 should not have been given, as the action was brought on the warranty, not for fraud. There was no charge in the petition that the defendant had practiced a fraud upon the plaintiff and had sold her property which he knew to be unsound. The action was simply brought on the warranty. The third instruction was unnecessary and should not have been given. On another trial the court will in substance instruct the jury (1) that if the defendant represented to the plaintiff's agent at the time the mules were sold that the mules were sound in every respect and he would stand behind them, and the mules or either of them were not sound in every respect, they should find for the plaintiff; and unless they so believed they should find for the defendant; (2) that if they find for the plaintiff they should find for her the difference, if any, between the fair value of the mules or either of them, if as represented, and their fair value in the condition they were at the time of the sale. These are all the instructions that need be given. The representations if made at the time of the sale inducing the purchase, were a warranty. (Lamme v. Gregg, 1 Met., 444.)

Judgment reversed, and cause remanded for a new trial.