## Weil v. Hagan.

(Decided November 17, 1915.)

Appeal from Clark Circuit Court.

1. Negligence—Action for—Automobile—Collision.—In an action against the owner of an automobile and his chauffeur for the

negligence of the chauffeur in colliding with the plaintiff's buggy, there may be a recovery against the owner, although the verdict exonerated the chauffeur.

2. Negligence—Action for—Automobile—Collision—Verdict.—In an action against the owner of an automobile and his chauffeur for the negligence of the chauffeur in colliding with the plaintiff's buggy, it was not error for the court to instruct the jury that. if it should find for the plaintiff as against one defendant, and for the other defendant, they should so state in their verdict.

3. Pleading—Proof and Variance.—An immaterial variance between a pleading and the proof will not authorize a reversal.

PENDLETON, BUSH & BUSH for appellant.

HAYS & HAYS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

The appellee, L. V. Hagan, sued Morris Weil, the owner of an automobile, and Walter Wash, his chauffeur, for negligently colliding with plaintiff's buggy while he was driving on the pike between Winchester and Lexington. He recovered a judgment for $600.00 damages against Weil.

Upon a former trial of the case, plaintiff recovered a verdict for $700.00; but, upon appeal, that judgment was reversed on account of the improper argument of the plaintiff's attorney, and the failure of the instructions to furnish a guide for determining the amount of damages. Weil v. Hagan, 161 Ky., 292.

The facts connected with the accident are stated in the former opinion, and will not be repeated here.

Appellant, Weil, assigns three grounds for a reversal: (1) that the verdict did not authorize a judgment against the defendant, Weil; (2) that the court erred in giving instruction No. 5; and, (3) that the verdict is not. sustained by sufficient evidence, and is contrary to law.

1. Weil was not present when the accident happened, and the recovery against him was permitted because he was the owner of the automobile which his chauffeur, Wash, was driving, upon his master's business, at the time of the collision.

The jury returned the following verdict:

"We, the jury, find for the plaintiff, $600.00 against Morris Weil, and find for the defendant, Walter Wash."

Immediately, and before judgment was entered, Weil objected to the entering of any judgment against him on the verdict, and moved the court to enter a judgment for him, notwithstanding the verdict. The court, however, overruled Weil's motion, and entered a judgment against him in accordance with the verdict; and, at the same time it entered a judgment exonerating Wash. From that judgment Weil prosecutes this appeal.

It is argued that since the only ground upon which Weil can be held liable is, that he is responsible for the negligence, if any, of his servant, Wash, Weil is only secondarily, and not primarily liable; and, being liable only for the negligence of Wash, a verdict exonerating Wash from negligence, necessarily exonerated Weil, his master.

The precise question here presented was before this court in Broadway Coal Mining Co. v. Robinson, 150 Ky., 716, and it was there decided against the contention of appellant.

In that case the company was sued for the negligence of its employes, Chumbley and Jones, and the jury returned a verdict against the company, and in favor of Chumbley and Jones. This court, however, sustained the finding, saying that if the plaintiff failed to get a verdict against the other defendants who were equally liable in damages, the plaintiff might be aggrieved at the verdict, but not the defendant.

That rule was first announced in this jurisdiction in I. C. R. R. Co. v. Murphy, 123 Ky., 787, 11 L. R. A. (N. S.), 352; and, it was approved in the later cases of I. C. R. R. Co. v. Outland's Admr., 160 Ky., 714, and National Cash Register Co. v. Williams, 161 Ky., 551.

Whatever may be the ruling in other jurisdictions, the question may be treated as at rest in this jurisdiction.

2. The fifth instruction reads as follows:

"If the jury find for the plaintiff as against one defendant, and for the other defendant, they shall so state in their verdict."

Appellant contends that under this instruction the jury were permitted to find for the defendant, Wash, and against the defendant, Weil, although the liability of Weil, if any, was entirely secondary and dependent wholly upon the negligence of Wash. This is but a repetition, in another form, of the objection to the verdict, heretofore considered.

But, since the jury had the right, under the decisions of this court, to find a verdict against Weil and exonerate Wash, the chauffeur, as we have heretofore held, the instruction complained of was not erroneous. If the jury had the right to find the verdict, it certainly was not error to instruct them that they might do so. The instruction is the usual one given in cases of this character, where there are more than one defendant.

3. The evidence upon the second trial, now appealed from, was substantially the same as it was upon the first trial, where the appellant assigned as a ground for a reversal that the verdict was not supported by the evidence, and was contrary to the law and the evidence.

In the former opinion, however, no suggestion was made that the verdict was not sustained by the evidence; and, in our opinion, it cannot properly be now so held.

Appellant, however, draws rather a fine distinction, by saying that while the petition rested the case upon the charge that the automobile struck appellee's horse and caused him to run away, the proof shows that appellant's automobile only ran so close to the horse as to frighten him, but without striking him, and thereby caused him to run away. The proof, however, does not sustain this distinction; and, if it did, we would be slow to say that it constituted a material variance. Certainly, appellant was in no way prejudiced in this connection, even though his contention as to the facts were true. Civil Code, sec. 129.

Judgment affirmed.