## Mantle Lamp Company v. Rucker.

(Decided April 25, 1924.)

### Appeal from Fulton Circuit Court.

1.  Sales—Statement Held Not Warranty.—A seller's representation that lamps were salable, merchantable, or a better value and smaller price than other lamps of a similar make and kind were only expressions of opinion, coupled with commendatory statements, and not a warranty.

2.  Sales—Honest Expression of Opinion Imposes no Liability on Seller.—An honest expression of opinion or judgment imposes no liability upon a seller, and is not equivalent to a warranty, and

this is true where warranty or representation is only an expression of opinion, or statement as to value or price.

3. Sales—What is a "Warranty" as Distinguished from "Opinion."— The test of whether a given representation is a warranty, or a mere expression of opinion or judgment, is whether seller assumes to assert a fact of which the buyer is ignorant, or whether he merely states an opinion or expresses his judgment about a thing as to which they may each be expected to have an opinion and exercise a judgment.

4. Sales—Praise or Commendation Not to be Construed as Warranty. —Praise or commendation by a seller of his own wares is not to be construed as a warranty.

HERSCHEL T. SMITH for appellant.

HEBER FINCH for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellee bought from appellant certain lamps and accessories, and failing to pay for them, this action for the purchase price was instituted.

The defendant in his answer relied upon an alleged warranty of the chattels so sold to him, and states:

"The plaintiff warranted the lamps in question to be salable, merchantable, or a better value and smaller price than other lamps of a similar make and kind,"

and then alleges he relied on these statements, and that they were untrue.

The court overruled a demurrer to this pleading, and on the trial there was a verdict for the defendant.

The only question necessary to consider is whether the pleading was a sufficient plea of warranty, or whether such statements should be interpreted either as "sale talk" or mere commendation of the plaintiff's goods, or as the mere expression of opinion.

To represent that a thing is salable in a particular locality is plainly only to express an opinion; and to say that it is mechantable when that word is used in connection with salable and statements as to value, means nothing more nor less than the expression of opinion that the article referred to will be in demand in a particular section. Likewise to say that an article is of a better value and may be sold for a smaller price than other articles

of a similar make and kind is mere "trade talk," and such commendation of the seller's article as the buyer may not rely upon, but as to which he must exercise his own judgment.

It is true that to say a thing is merchantable in connection with representations as to its condition or quality may be equivalent to a warranty, but to say that it is merchantable in connection with an expression of opinion that it is salable, or in connection with "trade talk" comparing it in value and price with other similar articles, cannot be the subject of a warranty.

The warranty of a chattel ordinarily has reference to its soundness, quality or condition, and for a seller to say to a purchaser that the article is salable in his locality, or merchantable therein, and is of better value and may be sold at a less price than similar articles of the same kind, falls far short of being a warranty that such things are true, and are such things as to which the buyer must be presumed to exercise his own judgment. A local merchant may have at least as good reason to have an opinion of his own whether an article is salable in his locality as a wholesale merchant living many miles away; surely he must exercise his own judgment in determining whether the article in value and price favorably compares with other similar articles.

Mr. Mechem in his work on Sales defines an express warranty of a chattel to be:

"A direct and positive affirmation or assertion made by the seller as part of the contract of sale, relating to some matter of fact respecting the title, quality, character or condition of the thing sold, under such circumstances that it may fairly be regarded by the buyer as a promise or undertaking on the part of the seller that the fact is as he so affirms or asserts." Mechem, vol. 2, section 1234.

There is no allegation respecting any warranty or representation made by the seller with reference either to the title, quality, character or condition of the chattels at the time of the contract. On the contrary the allegation shows only an expression of opinion the articles were salable and merchantable, coupled with commendatory statements as to the value and price in comparison with other similar articles. They have no reference what-

soever to quality, character or condition of the thing sold.

Whether the lamps were salable, whether they were merchantable in the sense that there would be a demand for them, whether they were of better value and might be more readily sold than other lamps of a similar nature, were each and all necessarily mere expressions of opinion, and as to which each party will presumably exercise his own judgment.

It is the rule in the sale of chattels that an honest expression of opinion or judgment imposes no liability upon the seller, and is not equivalent to a warranty; and from the nature of things this must be true where the warranty or representation is only an expression of opinion, or statement as to the value or price. Mechem, vol. 2, section 2141; McClintock v. Emmick, 87 Ky. 160.

The test of whether a given representation is a warranty, or a mere expression of opinion or judgment, has been said to be whether the seller assumes to assert a fact of which the buyer is ignorant, or whether he merely states an opinion or expresses a judgment about a thing as to which they may each be expected to have an opinion and exercise a judgment. In the one case it will be deemed a warranty and in the other a mere expression of opinion. Mechem, vol. 2, section 1243; Benjamin on Sales (6 Am. Ed.), section 613.

Nor is the praise or commendation by a seller of his own wares to be construed as a warranty. It is to be expected by a buyer that the seller will say such things, and when he does, the buyer must take them at their face value and use his own judgment. As said by Mr. Mechem:

"Worth or value is usually a matter of opinion, upon which the buyer is as competent to decide as the seller, and it is well settled, therefore, that the expressions of the seller upon this subject are usually to be deemed neither false representations nor warranty."

Mechem, vol. 2, section 1245; Biddle's Warranties of Chattels, sections 43, 44.

We are of the opinion, therefore, that the trial court erred in overruling the demurrer to the answer.

No other question is considered.

The appeal is granted and the judgment is reversed with directions to sustain the demurrer to the answer as amended, and grant appellant a new trial.