## W. T. Turner & Son v. Halsted.

(Decided December 2, 1930.)

W. D. JESSE and FIELD McLEOD for appellants.

FRANK GINOCCHIO and H. A. SCHOBERTH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Charles N. Halsted instituted an action against W. T. Turner & Son to recover $1,500 for the breach of a warranty of a four year old black mare which plaintiff had purchased from the defendants. The defense interposed consisted of a denial that any warranty was made, coupled with a counterclaim for the cost of keeping the mare. The plaintiff recovered a verdict, and the defendants have prosecuted an appeal. The sole question urged is that the court should have sustained a motion for a peremptory instruction in favor of the defendants upon the ground that a fatal variance developed between the plaintiff's pleading and the proof produced in support thereof.

The allegation was that the defendants had warranted the mare to be of sound wind, when in truth she was of unsound wind. It was further alleged that the mare had been returned to the defendants because of the defect and accepted by them. In an amended answer and counterclaim the defendants alleged that the mare was suffering from distemper and was not ready for sale, but that plaintiff bought her without warranty and with a full knowledge of her condition. It was further alleged that her condition had been aggravated by change of climate and premature use, and that defendants took her back as a friendly act to endeavor to effect a cure, which had been fully accomplished. A reply was filed traversing the allegations of the answer, and the trial was had upon all the issues thus presented.

The testimony for the plaintiff tended to sustain his claim, whilst that for the defendants conformed to their contention.

The argument for appellants is that a warranty of the animal's wind, as pleaded, was not established by proof of an agreement to the effect that if she failed to recover fully from the distemper with which she was

afflicted the contract might be rescinded. But the statement so circumscribed does not give full effect to the plaintiff's testimony. He said to Turner that the mare might have bad wind after the distemper disappeared, and if such proved to be the fact, he would return her and Turner should return to him the full consideration paid. Turner assented to the condition, stating that he would not give $5 to any man to make her wind right. The check then, with that understanding, was delivered to him. The trial revolved around the central idea of defective wind resulting from the distemper, and the roaring referred to in the evidence was not so much a distinct disease as evidence of the primary unsound condition. The testimony tended to show that the mare was of unsound wind, and for that reason alone she was returned to defendants. They took her back and had her treated, and it was for the jury to determine from the evidence the real character of the conduct of the parties and the true version of the entire transaction. The evidence was in sharp conflict, but the plaintiff's testimony concerning the transaction tended to prove a warranty of sound wind, and a breach thereof. McClintock v. Emick, Stoner & Co., 87 Ky. 160, 7 S. W. 903; Stanley v. Day, 185 Ky. 362, 215 S. W. 175; Mosby v. Larue, 143 Ky. 433, 136 S. W. 887.

The Civil Code of Practice thus defines in negative form what constitutes a material variance:

"No variance between pleadings and proof is material, which does not mislead a party, to his prejudice, in maintaining his action or defense upon the merits. A party who claims to have been so misled must show that fact to the satisfaction of the court; and, thereupon, the court may order the pleading to be amended, upon such terms as may be just." Section 129. Cf. sections 130 and 131 of the Civil Code of Practice.

The construction applied to that provision of the Code is to the effect that immaterial variations will not be deemed fatal if the substance of the proof supports the allegations of the cause of action or defense, and falls reasonably within the purview of the pleadings. Illinois Cent. R. Co. v. Curry, 127 Ky. 643, 106 S. W. 294; First State Bank v. Vories, 195 Ky.. 96, 242 S. W. 18; Dorsey v. Swann, 43 S. W. 692, 19 Ky. Law Rep. 1387; Powers

v. Smith, 38 S. W. 1045, 18 Ky. Law Rep. 983; Fox v. Pearcy, 50 S. W. 983, 20 Ky. Law Rep. 2031; Probst v. Hinesley, 133 Ky. 64, 117 S. W. 389; Chesapeake & O. Ry. Co. v. Jesse, 159 Ky. 450, 167 S. W. 407.

It is quite apparent that the parties to this controversy understood thoroughly the differences which constituted the subject-matter of the dispute, and no amendment or alteration of the pleadings was necessary to prevent the defendants from being misled, or to perfect the issues involved on the trial. Merritt v. Craven, 168 Ky. 155, 181 S. W. 970, L. R. A. 1917F 935; Woodcock v. Farrell, 1 Metc. 437; Weil v. Hagan, 166 Ky. 750, 179 S. W. 835; Illinois C. R. R. Co. v. Smith, 133 Ky. 732, 118 S. W. 933.

The circuit court did not err in denying the motion of the defendants for a directed verdict.

The judgment is affirmed.