### *LYMAN *v.* LITTLETON.

A town may waive a written notice of a pauper claim, which the statute requires to be given to the town for its benefit; and, if the waiver prevents the notice being given, the ordinary doctrine of estoppel applies, · and the town may be estopped to deny that it received notice.

ASSUMPSIT, for support of a pauper.   Verdict for the plaintiff, and motion of the defendant for a new trial.   The plaintiff claimed for sup-

---

* This cause was decided at the March adjourned term, 1870, and should have appeared in its order in volume 49, but was not furnished till April 22, 1872.          REPORTER.

plies furnished from March 13, 1867, to January, 1868.   No written notice was served on the defendant before Feb. 7, 1868.   Writ dated Dec. 10, 1868.   It was alleged in the declaration that written notice had been given.   There was evidence tending to show that the select-men of Littleton verbally agreed with the overseer of the poor of Ly-man, June 10, 1867, to waive the statute notice, and that this agree-ment induced the overseer of Lyman to forego giving written notice. The jury were instructed that if Littleton, acting through its selectmen, agreed with Lyman, acting through the overseer, that Littleton would waive notice ; and Littleton made this agreement intending thereby to cause Lyman to forego giving written notice ; and this agreement of Littleton had the effect of inducing Lyman to forego giving written notice till Feb. 7, 1868; then the waiver was equivalent to a written notice given at the time the agreement to waive was made.   To these instructions the defendant excepted.

*H. & G. A. Bingham*, and *Farr & Son*, for the defendant, cited *Hanover* v. *Weare*, 2 N. H. 131 ; *Fernald* v. *Ladd*, 4 N. H. 370 ; *Olcott* v. *Banfill*, 7 N. H. 469 ; *Alton* v. *Gilmanton*, 2 N. H. 520.

*Hibbard*, and *Carpenter*, for the plaintiff, cited *Davis* v. *Sanders*, 11 N. H. 261 ; *Ayer* v. *Tilton*, 42 N. H. 407 ; *Lisbon* v. *Bath*, 23 N. H. 9 ; *Gurney* v. *Edwards*, 26 N. H. 224 ; *Simons* v. *Steele*, 36 N. H. 73 ; *Davis* v. *Handy*, 37 N. H. 65–75 ; *Northwood* v. *Durham*, 2 N. H. 243–4 ; *Drew* v. *Kimball*, 43 N. H. 285 ; *Bushnell* v. *Church*, 15 Conn. 419 ; *Brown* v. *Wheeler*, 17 Conn. 345 ; *Kinney* v. *Farnsworth*, 17 Conn. 355 ; *Pickard* v. *Sears*, 6 A. & E. 469 ; *Gregg* v. *Wells*, 10 A. & E. 90, DEN-MAN, C. J.; *Harris* v. *Brooks*, 21 Pick. 195 ; *Dazell* v. *Odell*, 3 Hill 219, and BRONSON, J., dissenting ; 2 Smith's L. C. 561 (Am. notes) ; *Bank* v. *Gordon*, 8 N. H. 79 ; *Smith* v. *Whittier*, 9 N. H. 464 ; *White* v. *Co. Com.*, 2 Cush. 361 ; *Embden* v. *Augusta*, 12 Mass. 307 ; *Shutes-bury* v. *Oxford*, 16 Mass. 102.

DOE, J.   In *Hanover* v. *Weare*, 2 N. H. 131, the plaintiff relied upon a waiver of notice.   The act of June 27, 1809, under which that ac-tion was brought, provided that notice in writing should be given " within ninety days from the time the first relief shall have been so afforded.   *   *   * And no action shall be sustained   *   *   * unless such notice has been given in the manner aforesaid."   The waiver of notice upon which Hanover relied was the following writing, signed by a majority of the selectmen of Weare : " The subscribers, in behalf of the town of Weare, hereby acknowledge notice to have been given us by the selectmen of the town of Hanover, in relation to the support of the family of John Kimball, for which said selectmen of Hanover claim payment of us, and engage to take no advantage, and will not hold them to furnish evidence of said notice having been done in the form prescribed by law.   This acknowledgment extends to all claims for said support from the 8th March last past."   (*Hanover* v. *Eaton*, 3 N. H. 38.)   This writing purported to be dated Aug. 30, 1816 ; but it is

stated in the case that it " was signed some months before the present action was commenced"; and the record shows that the action was commenced June 3, 1818. It would seem that the writing was ante-dated, that the time for giving notice had expired when the writing was signed, that Hanover could not then have given legal notice, and consequently was not induced by the writing to omit giving notice, and that, for this reason, Weare was not estopped to deny that notice had been given. This may have been the reason why the question of estoppel was not considered by the Court. If Hanover was not induced by a waiver to alter its course of proceeding and omit to give the notice which it was intending to give, or would have given but for a waiver, there was no question of estoppel on that point for the Court to consider ; and it does not appear that any such question was raised. This circumstance may explain why the writing was regarded by the court as an executory agreement to waive objection, at a future trial, to the want of evidence of notice.

The Court said : " As there is no pretence in the present case that ' notice has been given in the manner aforesaid,' this action cannot "be sustained ' unless the defendants could legally waive any objections on account of the notice, and have in truth so waived them as to be estopped from insisting on such objections at the trial of the cause. The provisions in the statute as to notice were introduced for the benefit of those towns who might be prosecuted ; and it is a rational doc-trine that when statutory provisions are enacted for the benefit of individuals, and not on account of mere public considerations, they may be waived by those for whose benefit they were enacted. (Page v. Pendergast, 2 N. H. 235.) * * * But this waiver may be either proposed and executed at the same time, as is often the practice dur-ing a trial, or it may be proposed and agreed upon at a previous time, and afterwards be executed without objection. In the present case there was, at the farthest, only an executory agreement to waive the objection ; and afterwards, at the trial, a refusal to fulfil that agree-ment. * * * We are satisfied if the town itself had by a special vote entered into this executory agreement, and had afterwards refused to fulfil it, that the only remedy of the plaintiffs would be by an action for damages. As a court of common law, it would be altogether be-yond our province to enforce a specific execution of it; and a breach of this, like a breach of any other executory agreement, can be re-dressed by damages alone, unless the parties have access to a court of chancery, where alone a literal or specific performance can be compelled."

Apparently the attention of the Court was called, not to a waiver which induced the plaintiff not to give notice, but only to an agree-ment concerning the conduct of a trial at some indefinite period in the future. It would seem from the facts and from the decision that there was no claim, and no ground to claim, that the plaintiff was induced by the defendant not to give notice ; and therefore it does not appear that the decision in that case has any bearing on the ques-tion now presented to us.

As was said in *Hanover* v. *Weare*, the defendant in a trial may waive the objection that there is no evidence of notice. An omission at the trial to make the objection is a waiver of it. The objection cannot be taken after verdict. It should be taken when it might be obviated by the production of evidence. This is but an application of the general rule, that when a party may make an objection to the proceedings of his opponent, and the objection is for his sole benefit, and he is properly called upon, either expressly or by the circumstances of the case, to make the objection, but does not make it, and his opponent believes, and has sufficient reason to believe, that the objection is relinquished, and in good faith acts upon that belief, alters his course by not yielding to the objection, or not obviating it as he could and would do if he understood the objection to be insisted upon, and allows an early and reasonable opportunity for yielding to it or obviating it to pass by, the objection cannot afterwards be raised. An objection which might be removed by further evidence, if not taken on trial, is considered as waived. A waiver is but a neglect or omission to insist upon a matter of which a party may take advantage at the time when it ought to be done, so that it must operate as a trap to the other party, to insist upon it afterwards. Morrison's Digest, *title* Waiver.

Sometimes this method of dealing with an objection is called a waiver, sometimes an estoppel. Its effect does not depend upon the name given to it. The principle which, under the name of waiver, remedies many defects in evidence at a trial and in various judicial proceedings, is the same which, under the name of estoppel, defeats much fraud and injustice in the making of contracts, and in a great variety of affairs, and even operates as a conveyance of personal and real estate. Morrison's Digest, *title* Estoppel.

One and perhaps the chief difficulty in the application of the principle is the want of a universal test, specifically adapted to all transactions, by which to determine, without the exercise of reason, upon the weight of equitable considerations, what circumstances call upon a man to raise an objection. If, in a trial, a party offers parol evidence of a written contract, it is plain that it would be inconsistent with justice and good faith to allow a palpable objection to this evidence to be taken after verdict. The circumstances afford equitable considerations sufficiently strong to call upon the other party to make the objection at the trial. So if a person, not having written notice of legal proceedings in which he is a party, participates in the proceedings without objecting to the want of written notice, and thereby induces another party to go on and incur expense, the circumstances readily point out the time when good faith requires the objection to be taken. *State* v. *Richmond*, 26 N. H. 245.

So when coin is the only legal tender, a creditor who may object to the ordinary paper currency of the country, is called upon to make that objection when it could be obviated by his debtor. 2 Gr. Ev., § 601; *Sargent* v. *Graham*, 5 N. H. 442. " To make a tender good, it should be made in the coin of the realm, and the money ought to be produced; but the party to whom the tender is made, may make good

what would otherwise be insufficient, by relying on a different objection. If he claim a larger amount, and give that as a reason for not accepting the money, he cannot afterwards object that the money was not produced, nor can he object that it was offered in paper. If he object to accept the sum tendered because it is in paper which he is not bound to receive, he gives the party tendering an opportunity to make his tender in coin ; but if he puts his refusal upon a different ground, he waives the objection as to the quality of the tender. * * * If you objected expressly on the ground of the quality of the tender, it would have given the party the opportunity of getting other money and making a good and valid tender ; but by not doing so, and claiming a larger sum, you delude him." *Polglass* v. *Oliver*, 2 C. & J. 17. A plea of tender of money is sustained on the ground of estoppel, by evidence of a tender of currency which is not money in the legal sense of the language of the plea. The estoppel arises not upon conduct of the creditor, which induces the debtor to believe he is tendering coin, but upon conduct of the creditor, which induces the debtor to believe that the legal right to demand coin is relinquished. The circumstance which most strongly calls on the creditor to object to paper at the time it is tendered is, that paper is a currency in common use, and the debtor has reasonable ground to believe that the creditor, unless he specially objects, is satisfied with the currency which people are generally willing to receive. The creditor is presumed to know that there is such reasonable ground of belief, and, if he so far departs from common usage as to object to paper, good faith requires him to undeceive the debtor by making the objection known.

The same rule applies in many cases in which substitutes for money are accepted, and in which there is no plea or question of the legal tender of money. When it is understood that paper, or something else not money and known not to be money, is received as money, the person receiving it is often estopped to deny that he received money. *Willie* v. *Green*, 2 N. H. 335, 336, 338 ; *Mathewson* v. *P. Works*, 44 N. H. 291, 292. Payment and tender required by statute may be waived by the party for whose security the statute provides. *Smart* v. *P. & C. R. R.*, 20 N. H. 233. Exemption from attachment of property and arrest of person may be waived by the person to whom the statute gives the exemption. *Flint* v. *Clinton Co.*, 12 N. H. 437 ; *Woods* v. *Davis*, 34 N. H. 333, 334. The constitutional right of trial by jury may be waived. *King* v. *Hutchins*, 26 N. H. 139.

When a mortgagee having entered to foreclose agrees that no advantage shall be taken of the foreclosure if the debt is paid by a certain time, the foreclosure is kept open till that time. Such agreement is a waiver of the foreclosure. *McNeil* v. *Call*, 19 N. H. 403, 416. In that case the Court cite *Hall* v. *Cushman*, decided in Coös in 1843. " Cushman, in reply to questions respecting the mortgage, said ' he did not expect to look to his mortgage for indemnity, but if there should be a small balance due him he would notify Hall or his counsel.' It was held that the application was in the nature of a call for an account, and there was an express stipulation that if he relied on the

mortgage he would render an account; that the court did not undertake to enforce this specifically as a contract, but that it would be in bad faith and fraudulent for the party, after having made this declaration upon which the other party might well rely, to attempt a foreclosure under the ordinary provisions of law without notice." The words of Cushman were formally and literally a mere promise—a mere executory agreement that he would notify Hall if he should rely on his mortgage. But they were held to be what the parties understood them to mean,—a present waiver of foreclosure, continuing until notice should be given.

Demand and notice may be waived by an endorser without writing, and may be proved by direct evidence, or inferred from the language and conduct of the party; and an allegation of demand and notice is proved by evidence of a waiver of it. *Hibbard* v. *Russell*, 16 N. H. 410. In that case the defendant, an endorser, had requested the plaintiff, the endorsee, not to make demand or give notice, and said he would consider himself holden as endorser as if he waived demand and notice on the back of the note. The Court said that the statement of the defendant was made at a time when the plaintiff could have made demand and given notice and fixed the defendant's liability. "In consequence of the agreement of the defendant to waive the demand and notice, and by reason of his promise to pay the note if the plaintiff would forbear the demand for a time limited, the plaintiff omitted to make it, as he might, and, it is to be presumed, would otherwise have done." On what ground a waiver after maturity stands (1 Parsons on Notes and Bills, 592, 594; *Edwards* v. *Tandy*, 36 N. H. 540) it is not necessary now to inquire. When the statute requires a legal demand to be made upon a corporation before suit is brought against a stockholder upon his individual liability for the debts of the corporation, a refusal of the corporation to pay may be a waiver of an objection to the manner of the demand. *Haynes* v. *Brown*, 36 N. H. 564.

When notice of a loss is given to an insurance company, defects in the notice may be waived. *Patrick* v. *Ins. Co.*, 43 N. H. 623; *Johnston* v. *Ins. Co.*, 7 Johns. 315, note *a*. If an insurance company orally waive the written notice to which they are entitled, and the insured is thereby induced not to give such notice, there is a clear estoppel which sustains an allegation of notice in pleading.

Consistency requires that the same principle should be applied to notice in pauper cases, as it has been in Massachusetts. In *Embden* v. *Augusta*, 12 Mass. 307, the Court said: "The only question presented in this case relates to the notice. * * * The notice is in general terms, that the family of James Savage had applied for relief; and the objection is that this is uncertain, inasmuch as the overseers of Augusta might not know what individuals composed that family, so as to provide for their removal or support; and the notice is certainly defective, as it may put the overseers of the town to great inconvenience to undertake the removal or the support of a family without knowing of what number it may be composed. But a notice which is insuffi-

cient, if unanswered or not particularly objected to, may become sufficient by an acceptance of it by the adverse party, or by a waiver of any advantage arising from the deficiency. And the answer given in this case (the overseers of Augusta had sent the plaintiff a written answer to the notice) proves clearly that the overseers of Augusta were made acquainted with all the facts which were necessary to be known to enable them to decide whether that town was liable or not. They reply that the family of James Savage have no settlement in Augusta; and they utterly refuse either to remove or support them, or to pay the expenses which had been incurred. This answer was calculated to satisfy the overseers of Embden that the point in dispute would be the settlement of the paupers, and that there would be no formal objection to the notice. It has the appearance of disingenuousness, after appearing to be satisfied with the notice, to make a deficiency of this kind a point of defence against the action. We consider the overseers of Augusta as having accepted the notice, and as having waived all objections to its want of particularity." In *Shutesbury* v. *Oxford*, 16 Mass. 102, the decision was to the same effect, on the ground of estoppel.

In those cases a denial of the settlement and a refusal to support the paupers were held to be a waiver of defects in the notices that would have been fatal if not waived. And if a mere omission to object to a fatal defect in a notice, at the time the party receiving it denies the settlement and refuses to support the paupers, is a waiver of the objection to the defect, an express waiver of notice must be equally effective. A notice fatally defective is in law no notice; and a waiver of objection to the defect is a waiver of objection to the want of legal notice.

If Littleton intended that Lyman should understand that notice was waived, and expressly gave Lyman to understand it was waived, and Lyman was induced, by this understanding, to change its course by not giving the notice it was intending to give or would have given, Littleton is estopped to deny that notice was given at the time when it was mutually understood to be waived. The waiver related to a written notice to which Littleton was entitled before suit, and not to evidence of notice which Littleton might require Lyman to give at the trial. Notwithstanding a waiver of notice, Lyman must allege and prove notice; but if notice was waived, it is proved by evidence of a waiver amounting to an estoppel by which Littleton is precluded from contesting the point.

The words used and the words not used by the parties are immaterial, if they tend to prove, and the jury find they do prove, a mutual understanding that giving notice is waived. If the words literally prove an executory agreement to waive the objection to a want of evidence of notice at a trial in the future, the jury may find that they also show a mutual understanding executed at the time, constituting a waiver of notice acted upon by the plaintiff, and thereby estopping the defendant to deny that that was done which the defendant induced the plaintiff not to do. The object of the statute is to give defendants

information before suit.  If they have all the information they need to enable them to act understandingly upon the claim made against them, the object of the statute is accomplished, and a notice would be useless.  And if they, by a waiver, cause the claimants to omit giving notice, there is a clear case of estoppel.

*Judgment on the verdict.*