CASE 72.—ACTION BY ANNIE SPRINGGATE AGAINST THE NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY ON A POLICY ON THE LIFE OF HER DECEASED HUSBAND.—Oct. 7.

129  627
137  267

# New England Mut. Life Ins. Co. v. Springgate

Appeal from Meade Circuit Court.

WEED S. CHELF, Circuit Judge.

Judgment for plaintiff, defendant appeals—Affirmed.

1. Insurance—Forfeitures—Waiver.—Forfeitures are not favored in law, and, when once waived, cannot be afterwards insisted upon.

2. Same.—A life policy provided that it should be void if any premium note was not paid when due. After a note became due, defendant's agents wrote insured that, unless the note was paid at once, they would be compelled to return the note, which would cancel the insurance. When the letter reached insured's home, he was unconscious and died the next day, but, after his death, the widow remitted to defendant the amount of the note. Held, that defendant had waived the forfeiture, and was liable on the policy.

3. Same—Powers of Agents.—A provision in a life policy that no alteration or waiver of any of the conditions of the policy shall be valid, unless made in writing and signed by an officer of the company, may be waived by a general agent of the company for the State.

ON REHEARING.

4. Forfeiture—Recovery of Premium.—Where a life policy provides that it shall be void if any premium note is not paid when due, insurer, after the maturity of a premium, demanding payment thereof, is estopped to insist on a forfeiture of the policy.

WM. MARSHALL BULLITT and THOS. W. BULLITT for appellant.

No brief in record for appellant.

CLAUDE MERCER for appellee.

N. McC. MERCER of counsel.

## UESTIONS DISCUSSED.

1. The general agent, for the State, of an insurance company, has the right to waive, modify or change any of the stipulations in a policy of insurance, and the company is bound by the acts of such agent in the premises.

2. If, after the maturity of a premium note, the general agent of the company, demands the payment of the same from the insured, without condition the clause in the policy of insurance which povides that the policy shall be forfeited upon failure to pay any premium note, when due, shall be deemed to have been waived by the company, and the policy thereupon is continued in full force and effect for that period of time as is covered by the amount of the note, and shall insured, in the meantime, die, the liability of the company upon said policy is fixed and enforceable against the company.

3. If, after the maturity of a note, executed for the last or any quarterly payment of an annual premium upon a policy of insurance, the general agents of the company shall write a letter to the insured, stating therein that the time for the payment of the note has past, and that if the amount of the note is not immediately paid that the company will be compelled to return the note "which will cancel your insurance," such a letter is conclusive evidence against the company that it did not avail itself of its right to declare the policy forfeited, upon the nonpayment of the note at maturity, but that it had waived that right and made an unconditional demand for the payment of the note, after its maturity, and if the insured died during the time that the policy of insurance was continued in force by the payment of such past due note, the company is liable for the full amount of the policy, less the amount of the past due note, if it had not been paid. An unconditional demand for the payment of a past due premium note, made in a letter by the general agents and the retention of said note in the possession of the company are conclusive evidence of waiver of forfeiture clause embraced in a policy of insurance.

New England Mut. Life Ins. Co. v. Springgate.

4. Estoppel can be taken advantage of either by demurrer or plea, and a pleading by an insurance company denying the right of its State agents to waive, change or modify the terms embraced in a policy of insurance is bad and fatally defective on demurrer. Where an answer is filed admitting that the State agents wrote a letter demanding payment, after maturity, of a premium note, which letter is incorporated in full in the answer, as well as pleaded substantially in the petition, and which letter, on its face shows that the demand for payment is without condition, and no plea of mistake or fraud is made, such a defense is insufficient in law, to a petition pleading that the forfeiture clause in the policy on non-payment of the premium note, was waived by the demand for the payment of the past due premium note by the company, and alleging that the insured died four days after said letter was written, and that the policy was in full force when insured died and asking judgment for the amount of the policy, less the amount of the unpaid premium note, and a demurrer to the answer will be sustained and judgment entered for amount of the policy against the company.

5. If there is no plea of mistake or fraud in an answer to a petition, it is incompetent to introduce testimony tending to show that a letter, admitted to have been written and sent by the agents of an insurance company, was written or sent by mistake; nor can any testimony be held competent which, in any wise, has for its purpose to explain away the effect of the letter, or change, modify or add to such letter, nor to the effect that a certificate of health, by mistake, was omitted to have been enclosed in such a letter.

## AUTHORITIES CITED.

Mississippi V. Ins. Co. v. Neyland, 6 Bush, 436, 437; Hartford Life & Annuity Co. v. Hayden's Admr., 90 Ky., 59; Phoenix Ins. Co. v. Spears & Thomas, 8 S. W., 453; Con. Indemnity Assn. v. Grogan's Admr., 52 S. W., 95; Mudd v. German Ins. Co., 56 S. W., 977; Washington Life Ins. Co. v. Menefee's Admr., 53 S. W., 260; German Ins. Co. v. Laurier, 97 S. W., 363; Hartford Ins. Co. v. Haas, 9 S. W., 720; Crutchfield v. Ins. Co., 113 Ky., 59; Ins. Co. v. Lumber Co., 27 Ky. Law Rep., 106; Ins. Co. c. Thomason, 27 Ky. Law Rep., 160; Moreland v. Union Central Life Ins. Co., 46 S. W., 516; Joyce on Insurance, 1372-1379; Union Central Life Insurance Co. v. Duvall, 46 S. W., 518; Bane v. Ins. Co., 4 S. W., 787; Keohler v. Ins. Co., 4 Ky. Law Rep., 903; Rodgers v. Mutual Ass'n, 50 S. W., 543; Moore v. Continental Ins. Co., 53 S. W., 652; Walls v. Home Ins. Co., 71 S. W., 650; Manhatan Life. Ins.

Co v. Meyers, 109 Ky., 380; Home Ins. Co. v. Mears, 105 Ky., 326; Manhatan Life Co. v. Pentecost, 105 Ky., 647; Same v. Savage, 23 Ky, Law Rep., 487; Ins. Co. v. Meyers, 59 S. W., 30; Ins. Co. v. Price, 77 S. W., 384; Ky. Life & Accident Co. v. Kaughman, 42 S. W., 1104.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On April 7, 1905, the New England Life Insurance Company issued to John C. Springgate a policy insuring his life in the sum of $1,000, payable to his wife, Annie Springgate, the annual premium being $37.70, due on April 15th of each year. The first annual premium was paid. When the second premium fell due on April 15, 1906, the insured paid $10.70 in cash and executed three notes for $9 each, due in three, six, and nine months. He paid the first two of the notes, but failed to pay the third note due January 15th. The policy contained this provision: "In case any of said premiums or any premium note or notes given for the said premiums are not paid when due and payable, this policy and all payments made thereon shall thereupon become forfeited and void except as provided by the Statutes of the commonwealth of Massachusetts." The note also contained these words: "But this note, if not paid at maturity, is not to be considered as payment of said premium, and said policy will thereupon without notice become forfeited and void, except as provided by the Statutes of Massachusetts." On March 4, 1907, Thomas & Kaye, the state agents of the insurance company at Louisville, mailed to the insured the following letter: "Mr. John C. Springgate, Guston, Ky.—My Dear Mr. Springgate: The thirty days' grace on your note expired February 15. This

matter must receive your immediate attention; otherwise we will be compelled to return your note which will cancel your insurance. Kindly remit to us by return mail the amount due, $9.50. Yours very truly, Thomas & Kaye, General Agents.'' The letter reached Springgate's home on March 5th, but he was then unconscious, and died the next day without ever knowing of the existence of the letter. After his death, Annie Springgate, the widow, remitted to the company the $9.50, as requested in the letter, but it returned the money to her with a denial of any liability upon the policy. She then brought this suit against the company to recover on the policy. The circuit court having entered judgment in her favor, the company appeals, asking a reversal on the following grounds: ''(1) The letter of the insurance agents was not an unconditional demand for payment of the past due premium note, and therefore was not a waiver of the forfeiture which had already lapsed the policy. (2) The letter was not received until after Springgate's death, and therefore could not have been a waiver. (3) The policy itself expressly prohibited the agents from making such a waiver.'' These objections will be considered in the order stated.

1. In Moreland v. Union Central Life Insurance Co., 104 Ky. 131, 24 Ky. Law Rep. 432, 46 S. W. 516, the insured gave a note for a premium which matured on January 29th. He failed to pay the note, and in March the company, still retaining the note, demanded payment of it from him, and then sent it to its attorney for collection by suit. After this the insured died in July, and suit was brought upon the policy. After stating the facts, the court thus expressed the question before it: ''And the question is:

Can the company insist on payment of the note, and at the same time consistently say that the policy, having been forfeited by its nonpayment, remains forfeited? Or will not the real intention of the parties be effected by holding that, although the policy was forfeited for this nonpayment, yet, as the retention of the note and demand for its payment after maturity are acts inconsistent with an intention to insist on a continued forfeiture, therefore the forfeiture is to be deemed waived?" In determining the question, the court, holding the company liable, quoted with approval the following from 2 Joyce on Insurance, section 1379: "As a general rule, if the company has treated the policy as valid, and has sought to enforce payment of the premium, or has otherwise, with knowledge, recognized, by its acts or declarations or those of its agents, the policy as still subsisting, it waives thereby prior forfeitures." In Moore v. Continental Life Insurance Co., 107 Ky. 273, 21 Ky. Law Rep. 977, 53 S. W. 652, the facts were substantially the same as in the Moreland case; the only difference being that a longer time had elapsed, and that the insured had promised the attorneys to pay the note. The same result was reached as in the former case. The question came up again in Walls v. Home Insurance Company, 114 Ky. 611, 24 Ky. Law Rep. 1452, 71 S. W. 650, 102 Am. St. Rep. 298, and in Union Central Life Insurance Co. v. Spinks, 119 Ky. 261, 26 Ky. Law Rep. 1205, 83 S. W. 615, 84 S. W. 1160, 69 L. R. A. 264, and on facts much the same as in the two preceding cases. In the latter case the court said: "It is the well-settled law of this State that, if an insurer desires to avail itself of conditions in its policy to declare it forfeited for the nonpayment of a premium note, it must unequivocally elect to so

treat it, and in fact then and thereafter so treat it. It will not be allowed, though, to claim both that it is not bound on the policy, but that the insured is bound to pay the note. Its action must be consistent. While it may retain the note as evidence of its non-payment, it must not retain it or treat it as an evidence of that much indebtedness." It is insisted that these cases are to be distinguished from that before us because there the company made an effort to collect the notes through an attorney, a bank, or an agent; while here nothing was done but to write the letter quoted. But this difference does not go to the root of the matter, or affect the principle upon which the decisions rest. This principle is that the company must stand on the forfeiture if it wishes to have the benefit of it. It cannot claim the forfeiture, and insist on the payment of the note. Its assertion of a claim on the note is inconsistent with a claim that the policy is forfeited; for, if the policy is forfeited, there is nothing to be paid on it. To allow the company to treat the policy as valid after the right to forfeit it has accrued, and insist on the note being paid as long as it deems this to its interest, and then, when it learns that the assured is sick or dead, to rely on the past forfeiture, which, at the time it elected to waive, would be to allow it to take inconsistent positions. So the question comes to this: Did the company, when the right to forfeit the policy accrued, elect to forfeit it or to treat it as a subsisting obligation? If it elected then to treat the policy as a subsisting obligation, it cannot, when subsequent events make it to its interest to do so, withdraw the election it then made, and say the policy was forfeited. It is not a question of misleading the insured, to his prejudice. It is not material whether the note

was sent to an attorney, a bank, or an agent for collection. These things may be evidence of the company's intention; but the intention may be shown otherwise. Forfeitures are not favored in law. When once waived, they cannot be afterwards insisted on. So in each case the question is: On all the facts did the company forfeit the policy when the right to do so accrued? The letter in question plainly told the assured that the note must be paid at once; "otherwise, we will be compelled to return your note which will cancel your insurance." This was in effect an unequivocal statement that the policy was not then canceled, and would not be if the note was paid. If the assured had remained in good health and had sent the money to the company when his wife sent it a few days later, manifestly there could have been no forfeiture of the policy. The company was insisting on the payment of the note. It treated the policy as in force, and took the risk of the assured being in good health. It cannot be allowed to withdraw the election it thus made when it subsequently ascertained that the assured was then sick, and afterwards died. The letter shows an unequivocal election to treat the policy as a subsisting obligation. The wife, when she opened and read it, had the right to assume that, if she paid the note in a day or so, it would be all right.

2. It is not material that the letter was not received or read by the assured. The case does not turn on his conduct, but on the election of the company not to treat the policy as forfeited. This precise question was presented in Union Central Life Insurance Company v. Duvall, 20 Ky. Law Rep. 441, 46 S. W. 518. In that case, after the note was due, the company wrote the assured a letter similar to that

in this case.  The letter was directed to Walton, Ky. He had left Walton, and gone to Gum Sulphur.  It was forwarded to him at Gum Sulphur; but did not reach there until after his death.  The widow sent the money, and the company returned it and denied liability.  After copying at considerable length from the opinion in the Moreland Case, the court said: "It seems to us upon principle, as well as authority, that the appellant in the case at bar had elected to waive the forfeiture, and insist upon the payment in full of the note.  Moreover, it is by no means certain that appellant did not at first elect to accept the payment sent to it by appellee, and only returned same because it had heard of the death or sickness of the insured.  It can hardly be doubted that if appellant, at the time of receiving the inclosure from appellee, had not been advised of the death or sickness of the insured, that it would have proceeded to collect the check and have retained the money."  The insurance company loses no right if it simply remains silent and retains the note in such cases as this (Manhattan Life Ins. Co. v. Pentecost, 105 Ky. 647, 20 Ky. Law Rep. 1442, 49 S. W. 425), or if it accompanies its request for the payment of the note with a demand of a health certificate (Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25, 25 Ky. Law Rep. 1148, 77 S. W. 384), or if its conduct or notice is not such as to evince a waiver of the forfeiture of the policy; but the company cannot be permitted to waive the forfeiture when it supposes the insured is in good health, and to retract the waiver when it learns the fact is otherwise.

3. The policy provided: "No alteration or waiver of any of the conditions of this policy shall be valid unless made in writing and signed by an officer of the

company.'' The general agent for the State was an officer of the company as to insurance policies, for he had power to make contracts of insurance, and this clause of the policy, like any other clause in it, may be waived by any agent authorized to make contracts of insurance. Mudd v. German Ins. Co., 56 S. W. 977, 22 Ky. Law Rep. 308; Insurance Co. v. Lumber Co., 27 Ky. Law Rep. 106, 84 S. W. 551; Insurance Co. v. Thompson, 27 Ky. Law Rep. 160, 84 S. W. 546.

Judgment affirmed.

ON REHEARING.

The general agent for the State represented the insurance company. His act in demanding the premium was the act of the company. It could not on one hand demand the premium and on the other insist on the forfeiture. Estoppels arise by operation of law. The acts of the insurance company here estopped it from insisting on the forfeiture.

Petition overruled.