Affirming.
In its final analysis the important issue involved in this case is the right of an indemnity company to revoke the waiver of a forfeiture of the, indemnity because of a failure of the insured to conform to a condition contained in the contract. An abridged statement of the facts will disclose how the question arose.
Dr. E.H. Miller, of Vine Grove, Ky., owned an automobile which was maintained for the use of his family. The United States Fidelity Guaranty Company issued to him a liability insurance contract with omnibus coverage "to any person legally operating the automobile." The contract contained a condition requiring "immediate written notice of any accident with the fullest information obtainable at the time." During the life of the *Page 45 
contract, and while driving the automobile, Mrs. Miller met with an accident which resulted in serious injury to a child named Julia Poteet. No written notice of the accident was given to the guaranty company. Almost a year after the accident occurred, the Poteet child instituted an action against Mrs. Miller to recover damages for the personal injuries sustained in the accident. The summons in that case was served November 2, 1927, and delivered immediately to the agents of the guaranty company. The latter accepted the summons, and without reservation took charge of the defense of the action. It continued in exclusive control of the defense from early in November, 1927, until February 18, 1928, when its attorney addressed a letter to Mrs. Miller advising her that it disclaimed liability under the contract, and would no longer be responsible for the defense of the action. It was explained in the letter that the action was taken because of the failure to give notice of the accident as required by the condition contained in the contract of indemnity.
Mrs. Miller then employed competent counsel, and conducted the defense of the case at her own expense. A trial resulted in a judgment against Mrs. Miller in favor of the Poteet child for $1,000 and costs, amounting to $35. The present action was then instituted by Mrs. Miller upon the indemnity contract to compel the guaranty company to pay the judgment, together with a reasonable sum to compensate her for counsel fees incurred in the Poteet case. The circuit court directed the jury to return a verdict for Mrs. Miller for the amount of the judgment in the Poteet case and for such further sum as the jury might find from the evidence would represent the reasonable value of the services of her attorneys in defending the action for damages instituted by Julia Poteet. The jury returned a verdict accordingly, and the guaranty company has prosecuted an appeal, insisting that the failure to give notice of the accident as required by the policy entitled it to a peremptory instruction, and that the pleadings were inadequate to present the issue of waiver by the company of the condition of the policy.
A condition in an indemnity contract requiring the insured to give immediate written notice of any serious accident is reasonable and valid, and unreasonable failure to observe it constitutes a good ground for the forfeiture of the indemnity. Jefferson Realty Co. v. *Page 46 
Employers' Liability Assur. Corp., 149 Ky. 741, 149 S.W. 1011, Southern Surety Co. of New York v. Heyburn, 234 Ky. 739, 29 S.W.2d 6. But the condition is for the benefit of the insurance company, and it is well settled that such conditions may be waived by the party for whose benefit they are made. Central Life Insurance Company v. Roberts, 165 Ky. 296,176 S.W. 1139; Knickerbocker Ins. Company v. Norton, 96 U.S. 234, 24 I. Ed. 689; Grigsby v. Russell, 222 U.S. 149, 32 S.Ct. 58,56 L.Ed. 133, 36 L.R.A. (N.S.) 642, Ann. Cas. 1913B, 863; Thompson v. Insurance Co., 104 U.S. 252, 26 L.Ed. 765; Hartford Life Annuity Ins. Co. v. Unsell, 144 U.S. 439,12 S.Ct. 671, 36 L.Ed. 496; New York Life Insurance Company v. Eggleston, 96 U.S. 572, 24 L.Ed. 841; Lechler v. Montana Life Ins. Co., 48 N.D. 644, 186 N.W. 271, 23 A.L.R. 1193; N.E. Mutual Life Insurance Company v. Springgate, 129 Ky. 627,112 S.W. 681, 113 S.W. 824, 19 L.R.A. (N.S.) 227; U. C. Life Insurance Company v. Spinks, 119 Ky. 261, 83 S.W. 615, 84 S.W. 1160, 26 Ky. Law Rep. 1205, 69 L.R.A. 264, 7 Ann., Cas. 913. The waiver of a forfeiture for breach of such a condition may result from any words or conduct of the insurer, with knowledge of the facts which furnish the grounds of forfeiture, that show a recognition of the continued existence of the insurance. St. Paul F. M. Ins. Co. v. Ruddy (C.C.A.) 299 F. 189, 195; Mutual Protecture League v. Walker, 163 Ky. 347,173 S.W. 802; Citizens' N. Life Insurance Company v. Egner's Ex'r,167 Ky. 476, 180 S.W. 778.
Forfeitures are not favored by the law, and the courts manifest a readiness to accept as sufficient to accomplish the purpose any circumstance that indicates an election or intent to waive a forfeiture. Knickerbocker Ins. Co. v. Norton,96 U.S. 241, 24 L.Ed. 689. There can be no doubt that the acceptance of the summons in the Poteet case, and the assumption of responsibility for the defense of that action, was a recognition of the continued existence of the insurance, and a waiver of the right to forfeit the indemnity contract for failure of the insured to give notice of the accident. The action of the guaranty company in that respect was taken at a time when it had complete knowledge of the failure of the insured to give notice of the accident. Nevertheless, it elected to recognize the continuing validity of the insurance, and took charge of the litigation. *Page 47 
Waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of such surrender, and it is not essential to its application that prejudice results to the party in whose favor the waiver operates. Sheldon v. Horton, 43 N.Y. 93, 3 Am. Rep. 669; Morgan v. Home Ins. Co.,216 Ky. 589, 288 S.W. 321; Currie v. Casualty Co., 147 Iowa 281,126 N.W. 164, 140 Am. St. Rep. 300; Central Life Ins. Co. v. Roberts, 165 Ky. 296, 176 S.W. 1139; Roberts v. American National Assurance Co. (Mo.App.) 220 S.W. 996; Schuetz v. International Harvester Co., 167 Iowa 634, 149 N.W. 855; Hemmings v. Home Mutual Ins. Co., 199 Iowa 1311, 203 N.W. 818; Trippe v. Provident Fund Society, 140 N.Y. 23, 35 N.E. 316, 22 L.R.A. 432, 37 Am. St. Rep. 529; Wandell v. Mystic Toilers, 130 Iowa, 639, 105 N.W. 448; Titus v. Glens Falls Ins. Co. 81 N.Y. 410.
It is argued, however, that the doctrine of waiver is but another name for estoppel and, since Mrs. Miller was not prejudiced by the short delay occasioned by the action of the insurance company, the latter was free to change its position and return to her the defense of the case. Some courts have employed expressions indicating such a conception of the two doctrines, and have used the words as synonymous or as convertible terms. Globe Mutual Life Ins. Co. v. Wolff,95 U.S. 326, 24 L.Ed. 387; Williams v. Neely (C.C.A.) 134 F. 1, 69 L.R.A. 232; Lewin v. Telluride Iron Co. (C.C.A.) 272, F. 590; Lyman v. Littleton, 50 N.H. 42. But a careful examination of, the cases will disclose the inaccuracy of the assumption; and this court has expressly rejected that contention. Morgan v. Home Ins. Co., 216 Ky. 592, 288 S.W. 321; Limerick v. Home Ins. Co., 150 Ky. 827, 150 S.W. 978, 44, L.R.A. (N.S.) 371. The subject was quite fully considered by this court in Central Life Insurance Company V. Roberts, 165 Ky. 296, 176 S.W. 1139, where the distinctions between waiver and estoppel were compared and contrasted in an extensive quotation from a familiar textbook. 40 Cyc. 255.
Although the doctrines are sometimes carelessly confused, the distinction between them is clear, and the rule is firmly established that to constitute a waiver of a forfeiture it is not necessary that the facts should present the essential elements of an estoppel.
It is equally settled that a waiver, once made, is irrevocable, even in the absence of any consideration there, for, or of any change of position by the party in whose *Page 48 
favor the waiver operates. In Central Life Insurance Company v. Roberts, 165 Ky. at page 303, 176 S.W. 1139, 1142, an opinion of the Court of Appeals of New York was quoted to the effect that "waiver seems to be a 'technical doctrine, introduced and applied by courts for the purpose of defeating forfeitures.' " and, when made, it cannot be revoked. Kiernan v. Dutchess County Mutual Ins. Co., 150 N.Y. 190, 44 N.E. 698. The decisions are in substantial harmony upon that subject. N.E. Life Ins. Co. v. Springgate, 129 Ky. 627, 112 S.W. 681, 113 S.W. 824, 19 L.R.A. (N.S.) 227; Brink v. Hanover Fire Ins. Co., 80 N.Y. 108; Lee v. Casualty Co., 90 Conn. 202,96 A. 952; Benninghoff v. Agricultural Ins. Co., 93 N.Y. 495; Gilbert v. Globe R. Fire Ins. Co., 91 Or. 59, 174 P. 1161, 178 P. 358, 3 A.L.R. 205.
The waiver of a ground of forfeiture by treating the contract thereafter as a continuing obligation partakes of the principle of election and, like an election, cannot be retracted. Hemmings v. Home Mutual Ins. Ass'n, 199 Iowa 1311,203 N.W. 818; Royle Mining Co. v. F. C. Co., 126 Mo. App. 104,103 S.W. 1098; Fairbanks Canning Co. v. L. G. A. Co.,154 Mo. App. 327, 133 S.W. 664; Farrell v. Auto Liability Co., 203 App. Div. 118,196 N.Y. S. 383; Mettner v. Ins. Co., 127 Iowa 205,103 N.W. 112; Trippe v. Provident Fund Society, 140 N.Y. 23,35 N.E. 316, 22 L.R.A. 432, 37 Am. St. Rep. 529; Limerick v. Home Ins. Co., 150 Ky. 827, 150 S.W. 978, 44 L.R.A. (N.S.) 371.
In Knickerbocker Ins. Co. v. Norton, 96 U.S. 234, 242,24 L.Ed. 689, Mr. Justice Bradley, speaking for the Supreme Court of the United States, said: "Where the assent to waive a forfeiture is once given, the courts should be liberal in construing the transaction in favor of avoiding a forfeiture." And, following a review of some relevant authorities, adds: "These cases show the readiness with which courts seize hold of any circumstances that indicate an election or intent to waive a forfeiture. We think that the present case is within the reason of these authorities; and that the objection, that the note was already past due when the agreement to extend it was made, is not sufficient to prevent said agreement from operating as a waiver of the forfeiture." The point presented in the case of Fidelity Casualty Co. v. Stewart Dry Goods Co., 208 Ky. 429, 271 S.W. 444, 43 A.L.R. 318, was materially different. In that case an action was pending, and the defense was being conducted *Page 49 
by the insurer. A new ground of liability was added by an amended petition for which particular ground of liability the contract did not provide indemnity. The indemnity company at once gave notice that it would not assume liability for any judgment based upon the grounds alleged in the amended petition. The insured came into the case and protected its own rights in respect to the grounds introduced by the amendment. The question was reserved, and the rights of the parties were protected. No attempt was made to retract a waiver theretofore made. Cf. Sargent Mfg. Co. v. Travelers' Ins. Co., 165 Mich. 87,130 N.W. 211, 34 L.R.A. (N.S.) 491; and Lunt v. Ætna Life Ins. Co., 261 Mass. 469, 159 N.E. 461.
No estoppel to dispute coverage by the policy was involved in defending a suit based upon several grounds, some of which admittedly were covered by the contract. But, in order to avoid a waiver even in such cases, the court held that notice must be given the assured to the end that its interests might be fully represented, especially in so far as they might be incompatible with the interests of the indemnity company.
It follows that the conduct of the insurance carrier in accepting the summons and in taking control of the litigation, with knowledge of the existence of the very ground of forfeiture it later attempted to assert and without reservation, constituted an irrevocable waiver of the right to forfeit the indemnity contract upon that ground.
The petition averred that notice of the accident had been given and there was a failure to prove that allegation. But it was further averred that summons served in the action instituted by Julia Potett was delivered to the guaranty company, and that it undertook the defense of that action, but afterwards notified Mrs. Miller that it disclaimed liability under that policy for failure of the the insured to give immediate written notice of the accident. The condition of the policy and the failure of plaintiff to comply with it were set up by the answer. The reply did not repeat the allegations of the petition respecting the waiver. It is now urged that the issue of waiver of the forfeiture should have been presented by the reply, and that the pleadings filed were insufficient to raise it. The matter was entirely proper to be pleaded in a reply in avoidance of the defense asserted (Civil Code of Practice, sec. 98, subsec. 2); but the ultimate *Page 50 
facts upon which the waiver was predicated were stated in the petition, and no harm came to the appellant from permitting the issue to be tried without further pleading. Rounds Jesse v. Cloverport F. M. Co., 159 Ky. 414, 167 S.W. 384, Ann. Cas. 1915D, 40.
Matters of avoidance are not available on a mere traverse (Ill. Canning Co. v. Livingston, 201 Ky. 756, 258 S.W. 308; Ins. Co. v. Gore, 215 Ky. 487, 284 S.W. 1107; Ætna Ins. Co. v. Hensley, 219 Ky. 817, 294 S.W. 470), but, where the essential facts appear in the petition and are treated on the trial as actually forming an issue this court will dispose of the case in the manner it was practiced by the parties in the trial court. Rosa v. Nava, 235 Ky. 574, 31 S.W.2d 910; Dixon v. Johnson, 202 Ky. 328, 259 S.W. 698; Ruffner v. Ridley, 81 Ky. 165.
It would be a vain and useless thing to reverse a correct judgment rendered upon a full development of the facts because the basis of it was alleged in the petition instead of being inserted in a reply. No surprise was manifested, and no suggestion made that any further facts affecting the matter could be produced. The facts concerning the conduct of the insurer which constituted a waiver of its right to invoke a forfeiture of the policy were alleged and fully established, and, in such situation, no prejudicial error could be predicated upon the mere fact that the waiver was prematurely pleaded, or appeared in the petition rather than in the reply. Lockhart v. Kentland Coal Coke Co., 182 Ky. 673,207 S.W. 18; Cf. Equitable Life Assur. Soc. v. Bailey, 214 Ky. 754,284 S.W. 403, and Turner Son v. Halstead, 236 Ky. 322,33 S.W.2d 17.
The judgment is affirmed.