**CLARKE et al. v. CITY OF ALBANY.**

Court of Appeals of Kentucky.

Oct. 9, 1953.

F. D. Curry, John L. Keller, Harrodsburg, for appellants.

Bertram & Bertram, Bruce H. Phillips, Monticello, for appellee.

COMBS, Justice.

The appellants, contractors, constructed a sanitary sewer system and treatment plant for the City of Albany. This declaratory judgment suit was filed to determine their right to collect the balance of the contract price.

By the terms of the contract appellants were given 150 calendar days in which to complete the work. Work was commenced June 19, 1950. The contract price was $42,278.95 and another provision of the contract provided for the payment of liquidated damages at the rate of $50 per day for failure to complete the work on time. The sum of $4,227.90 has been withheld by the city from the contract price and it is

this unpaid balance which is the subject of this controversy.

The city takes the position it is entitled to withhold this sum as liquidated damages for failure to complete the work on time. It is admitted by appellants that the work was not completed within the contract time but the parties disagree as to when the work actually was completed. The city contends the work was not finally completed until September 29, 1951, and that it is entitled to withhold liquidated damages at the rate of $50 per day from the expiration of the 150-day period, excluding certain extensions which it admits. The appellants contend the contract was completed on March 3, 1951, and that such delay as occurred was excused by the city under a provision of the contract which will be referred to later.

It appears that appellants continued work on the project without material delay from the date of commencement (June 19, 1950) until November 24, 1950. By that time the work had been substantially completed except for the installation of a scum pump which was considered an integral part of the sewer system. The pump had been ordered from a company in Stamford, Connecticut, on May 13, 1950, but was not received until February 19, 1951. Work on the project was resumed by appellants on February 20 and was continued until March 3, at which time they wrote to Mr. Miller, the consulting engineer representing the city, that the work was complete and ready for final inspection. The Chancellor found that the work was substantially completed by March 3, 1951, and we agree with that finding. Although some work remained to be done after that date, such as grading and terracing, replacement of certain valves and adjustment of other parts of the pump, this work was more in the nature of correction and adjustment than initial construction or installation.

As we view the case, the decisive question is whether appellants were excused by the city for the delay between the expiration of the contract period which, according to our calculation, was November 15, 1950, and March 3, 1951. Appellants rely upon section 31, part 3, of their contract, which reads:

"The right of the Contractor to proceed shall not be terminated nor the Contractor charged with liquidated damages because of any delays in the completion of the work due to unforseeable causes beyond the control and without the fault or negligence of the Contractor, including, but not restricted to, acts of God or of the public enemy, acts of the Owner, fires, floods, epidemic, quarantine restrictions, strikes, freight embargoes, and unusually severe weather or delays of subcontractors due to such causes, if the Contractor shall within ten (10) days from the beginning of any such delay (unless the Owner shall grant further period of time prior to the date of final settlement of the contract) notify the Engineer in writing of the causes of delay, who shall ascertain the facts and the extent of the delay and extend the time for completing the work when in his judgment the findings of fact justify such an extension and his findings of fact thereon shall be final and conclusive on the parties hereto."

It is admitted that on February 14, 1951 a representative of the appellants wrote to Miller, the engineer, requesting extension of time covering the delay caused by failure to receive the pump on time. The engineer allowed appellants additional time until February 20, 1951 for "non-delivery of equipment."

It is argued by the city that the engineer had no authority to extend the time for completion because the appellants did not request such extension within ten days from the beginning of the delay, as provided by the contract. We are unable to agree. It is clear that the engineer was the city's agent. The ten-day notice provision in the contract was for the benefit of the city and could be waived by it. The contract expressly granted to the engineer the right to extend the time for completion.

Since he had authority to extend the time, he also had authority to waive the ten-day notice provision. See Barker v. Stearns Coal & Lumber Co., 291 Ky. 184, 163 S.W. 2d 466; U. S. Fidelity & Guaranty Co. v. Miller, 237 Ky. 43, 34 S.W.2d 938, 76 A.L.R. 12; Henderson Bridge Company v. O'Connor & McCulloch, 88 Ky. 303, 11 S.W. 957.

The extension granted by the engineer expired on February 20, 1951. Eleven days elapsed between February 20 and March 3, the date on which we have found the work was completed. There was no extension covering this eleven-day period and the city is entitled to liquidated damages according to the contract for that period of time. But we think the trial court erred in assessing damages in excess of the eleven-day period.

The conclusions already expressed make it unnecessary for us to consider the other questions raised in the briefs. We have considered the entire judgment and, except for his findings on the question of liquidated damages, we think the Chancellor reached the right decision.

The judgment is reversed with directions for the entry of a judgment consistent with this opinion.