WILBERT EDISON FAULKNER, Plaintiff and Appellee, *v.* WILLIAM NIEVES AND MARYLAND CASUALTY CO., Defendants, the latter as Appellant.

No. 11087. Argued April 7, 1954.—Decided May 10, 1954.

*F. Fernández Cuyar* and *Rafael A. González,* for appellant. *Córdova & González* and *Alberto Picó,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Wilbert Edison Faulkner filed an action for damages against William Nieves and the Maryland Casualty Co. The latter filed a motion for summary judgment which was dismissed by the former District Court of Puerto Rico, San Juan Section. Both defendants answered. In its answer, the Maryland Casualty Co. denied the essential averments of the complaint and alleged as a special defense, among others, that it could not be held liable under the policy issued since the insured and co-defendant, William Nieves, violated the essential stipulations of his insurance contract (1) in failing to give written notice of the accident object of the suit; (2) in failing to send to it at any time whatsoever the summons and the complaint served, and (3) in failing to cooperate and help the company as required under the policy. Co-defendant, William Nieves, confined himself to denying each and everyone of the facts alleged in the complaint in general. The case was called for trial. Co-defendant Nieves did not appear. Both parties introduced ample documentary and oral evidence and the court rendered judgment sustaining the complaint and ordering defendants to pay plaintiff the amount of $1,021.60 for damages plus costs and $150 attorney's fees. The court set forth in its opinion the following findings of fact:

"That on June 5, 1947, vehicle HP–1984 owned by defendant, William Nieves, negligently collided with vehicle P–3454 owned by plaintiff, while the latter was parked at the entrance of the drawbridge in the direction of San Juan-Bayamón causing him the following damages:

"Repair of the vehicle $550; 18 days during which he did not work, at the rate of $20 daily plus $111.60 which he failed to receive during those 18 days from 31 children whom he took to school at the rate of $6 monthly for each child, amounting to $471.60.

"That plaintiff visited the office of the Maryland Casualty Co. to report the accident the day after it happened, and on that same day Mr. José L. Colón telephoned the co-defendant

telling one of its employees to inform Mr. Dones about plaintiff's claim. It is convenient to state that the witness, José L. Colón, is connected with the insurance business since 1933 and on the day of the accident which is the object of this suit he was the insurance adjuster of the Anglo-Porto Rico Insurance Agency. Mr. Dones held that same position in the Maryland Casualty Co.

"That the plaintiff and Mr. Colón reported the accident to the Maryland Casualty Co. giving the place and date of the accident as well as the place where the vehicle was deposited and gave it also a copy of the police report. The defendant sent to co-defendant some blanks to be filled in order to report the accident but co-defendant failed to do so and showed no interest in the claim.

". . . . . . . ."

In its conclusions of law the court stated:

"Plaintiff herein notified the Maryland Casualty Co. of the accident, he made it a party defendant upon filing suit, summoned it and served on it a copy of the complaint before summoning co-defendant Nieves. Plaintiff protected himself against that defense in this manner. If the case had been brought by William Nieves against the Maryland Casualty Co. the latter would be right, but the plaintiff placed the defendant in a condition to attend to the claim and the latter merely took refuge in the lack of direct notice from its insured."

Co-defendant, Maryland Casualty Co., alone appealed. Its sole contention on appeal is that the trial court erred in holding it liable "although it considered as satisfactorily proved the fact that the insured never reported the accident in any form whatever and never cooperated with the insurer, all of this in violation of specific clauses of the insurance contract." Among the conditions stipulated in the policy issued by the Maryland Casualty Co. on June 2, 1947, in favor of co-defendant, William Nieves, the following are set forth:

"6. *Notice of Accident.* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.

Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"7. *Notice of Claim or Suit. Coverages A and B.* If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

"8. *Assistance and Cooperation of the Insured. Coverages A and B.* The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. . . ."

 Conditions such as the ones above copied stipulated in an insurance policy are completely valid. They go to the very essence of the contract and the noncompliance by the insured generally precludes him from recovering from the insurer. *Buxó* v. *Aetna Casualty & Surety Co.*, 48 P.R.R. 180; *United States Fidelity & Guaranty Co.* v. *Miller*, 34 S. W. 2d 938; 76 A.L.R. 12. However, that general principle has many exceptions. Pursuant to our ruling in *Colón* v. *Government of the Capital*, 62 P.R.R. 24, 37, ". . . the claimant for damages can be protected against said defense by notifying the insurance company of the occurrence of the accident, joining it as party defendant when filing his action and summoning and serving it with copy of the complaint." See also Blashfield, *Cyclopedia of Automobile Law and Practice*, Vol. 6, part 2, § 4033, p. 38; *Pallasch* v. *U. S. Fidelity & Guaranty Co.*, 67 N. E. 2d 883, 885; *Slavens* v. *Standard Acc. Ins. Co.*, 27 F. 2d 859, 861; 29 Am. Jur., § 1090, p. 817. *Cf. Maryland Casualty Co.* v. *Pacific Co.*, 312 U. S. 270, 273. That ruling is correct and we subscribe to it.

 There is no controversy as to the fact that the insured William Nieves did not notify the accident to the insurer, either in writing or otherwise. However, it clearly appears from the record that the day after the accident,

José L. Colón, adjuster of plaintiff's insurance company, reported the accident to the co-defendant, Maryland Casualty Co. by telephone, describing the vehicles that collided, the place and date of the accident and the place where plaintiff's bus was parked. On several subsequent occasions Colón himself—who for such purpose was acting in representation of the plaintiff—spoke. with the officials of the Maryland, offering to furnish them the information required, and the latter merely told him that Nieves had not yet *reported* the case. The day after the accident plaintiff himself visited the office of the co-defendant to report the occurrence, and was told that the insured had not given written notice of the accident, and he again visited the co-defendant for the same purpose on several subsequent occasions. In addition to the aforesaid telephone conversation, Colón wrote to the defendant company a letter on November 21, 1947, attaching therewith a copy of another addressed to William Nieves claiming recovery for the damages he had caused. The insurer did not answer the letter. On February 11, 1948 Colón again wrote to the Maryland Co. insisting on Faulkner's claim. Six days after the accident, appellant itself wrote a letter to co-defendant Nieves including the form denominated "Notice of Accident" and asked Nieves to fill it in properly. It was not until June 3, 1948 that Faulkner filed his complaint against Nieves and the Maryland Casualty Co., both defendants being duly summoned and served with a copy of the complaint.

The purpose of the Provision requiring the insured to give written notice to the insurance company is to enable the latter to make proper investigation and prepare a proper defense—Blashfield, *op. cit.*, p. 24; Vance *On Insurance*, p. 499—and although it is undeniable that no written notice was served on the insurer by the insured, in cases of this kind the aggrieved party subrogates in the rights of the insured. *Hendershot* v. *Ferkel*, 68 N. E. 2d 67, and cases

cited at page 70. The aggrieved person—as subrogated party—complied with such requirement by timely notifying the accident to the Maryland Co., giving the details thereof, doing it also in writing through Colón several months later. Through these notices, the insurer had full knowledge of the accident. If it had wished more information it could have easily obtained it. *Federal Surety Co.* v. *Guerrant*, 38 S. W. 2d 425, and cases cited at page 428.

In cases similar to the one at bar the doctrine of waiver has been applied, that is, the doctrine that even where conditions in a policy stipulate a written notice, the conduct and acts of the insurer have relieved the insured from compliance with such requirement. Couch, *Cyclopedia of Insurance Law*, Vol. 2, § 548, p. 1714; Couch, *op. cit.*, Vol. 7, §§ 1526 and 1565, pp. 5427 and 5540; Blashfield, *op. cit.*, § 4032, p. 34; *United States Fidelity & Guaranty Co.* v. *Miller*, *supra*. Consequently, if the written and oral reports served by Faulkner on the co-defendant were not sufficient, the conduct of the latter was equivalent to a waiver of its right to be notified in writing by the insured himself.

On the other hand, to escape liability, the insurer must show that insured's breach of agreement by defective notice results in substantial prejudice to the insurer. *Conroy* v. *Commercial Casualty Ins. Co.*, 140 A. 905, 907. There is not the slightest trace of such prejudice herein.

The word "cooperation" within a liability policy as the one involved herein, means that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense with respect to the claim made. *Ocean Accident & Guarantee Corporation* v. *Lucas*, 74 F. 2d 115, 117; *Coleman* v. *New Amsterdam Casualty Co.*, 160 N. E. 367, 369; 139 A.L.R. 784; *General Casualty & Surety Co.* v. *Kierstead*, 67 F. 2d 523, 525. The insured, we repeat, did not give such information in the instant case, but the aggrieved party

himself gave it and was always willing to give it. That, in our opinion, is sufficient, not precisely because the information given placed the insurer in a position to determine whether or not it had a good defense, but because it placed it in a position to carry out immediately any pertinent investigation and to conclude whether or not its insured was guilty.

Since the sole error assigned was not committed, the judgment appealed from will be affirmed.